MARY DILLON *vs.* F. W. MARK AND THE EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD.

JUNE 30, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, J J

(*1*) *Liability Insurance. Workmen's Compensation. Actions. Parties. Personal Injury Cases. Foreign Insurance Companies.*

Pub. Laws, cap. 1268, § 9, is not restricted to workmen's compensation but provides for the protection of persons who sustain personal injuries for, which those who are liable have insured themselves against liability. It covers both domestic and foreign insurance companies.

*(2)    Liability Insurance.    Workmen's Compensation.    Actions.    Parties.
Personal Injury Cases.    Foreign Insurance Companies. .*

A foreign insurance company doing business in this State who has issued its policy of liability insurance subject to the provisions of Pub. Laws, cap. 1268, § 9, upon whom process has been served is liable to a resident of this State upon a cause of action arising in this State, and the plaintiff may bring his suit against such company directly or he may proceed against both the company and the wrong doer (the insured) in one action and if plaintiff fails to secure service on one of the parties he may proceed against the party upon whom service has been made.

*(3)    Construction of Statutes.*

Where the language of a statute is plain and unambiguous and the intention of the legislature is manifest therein, there is no occasion to resort to the title of the act or any other sources to discover either the meaning or the intent of the statute.

TRESPASS ON THE CASE for negligence.    Heard on exception of plaintiff and sustained.

STEARNS, J.    This is an action of trespass on the case for negligence brought by Mary Dillon of Providence against F. W. Mark, a general contractor residing in the state of Massachusetts, and the Employers Liability Assurance Corporation, Ltd., a foreign insurance corporation doing business in said city of Providence.    In her declaration plaintiff alleges that she sustained personal injuries while walking on a certain public highway in the city of Providence, which were caused by her falling over a pile of building material negligently placed and maintained by said Mark on the sidewalk and roadway of said highway. That defendant insurance company had issued prior to the accident to Mark its policy of insurance, "subject to the provisions of Section 9 of Chapter 1268 of the Public Laws of the State of Rhode Island passed at the January Session of the General Assembly of 1915, insuring said Mark against liability for personal injuries, which said policy was in full force and effect upon the day and year aforesaid" (the day of the accident) "and covered any claim for personal injuries received by persons using said highway during the period within which said Mark was engaged in said building operations."

Plaintiff joins the Insurance Company as a party defendant with said Mark under said statute, Chapter 1268, Section 9, and claims the right to recover judgment in this suit against either or both the insured and the insurer.

Service was made upon the corporation defendant by serving the Insurance Commissioner for the State of Rhode Island, the officer appointed by law to accept service for foreign insurance companies doing business in this State, and an attested copy of the writ was mailed to the defendant, Mark. The corporation defendant entered its appearance in the Superior Court wherein said action was instituted, specially, for the purpose of filing its motion to dismiss the action brought against it on three grounds, the third ground being, that the said Employers Liability Assurance Corporation, Ltd. is not a proper party defendant in the action. Upon the hearing in the Superior Court, the motion of the Insurance Company was denied on two of the grounds stated in said motion and on the above mentioned ground was granted. The plaintiff excepted to the ruling of the Superior Court dismissing the action and duly prosecuted her bill of exceptions to this court.

The sole question before this court is as to the construction to be placed on the language contained in Article V of Chapter 1268, with particular reference to the language in Section 9 thereof.

The plaintiff claims the Insurance Company is a proper party defendant and can be held for damages for the alleged personal injuries, although the only negligence alleged is that of the defendant, Mark, and no service of the writ in this case has been made upon him.

The defendant claims that Section 9 should be construed as relating only to personal injuries sustained by employees who, though not entitled to compensation for such injuries, are entitled to relief under certain "alternative schemes" referred to in Article V of the Workmen's Compensation Act.

(1) Chapter 1268 of the Public Laws is entitled: "An Act in Amendment of and in Addition to Chapter 831 of the

Public Laws, passed at the January Session, A. D. 1912, entitled 'An Act Relative to Payments to Employees for Personal Injuries Received in the Course of their Employment, and to the Prevention of Such Injuries.' " Article V is entitled, " Insurance against Liability to pay Compensation."

The first eight sections of Article V are provisions regulating the methods by which the employer who has elected to become subject to the provisions of the Workmen's Compensation Act shall secure the payment of compensation to an employee who has been injured by any accident. The form of policy of insurance which may be issued is prescribed and it is further provided that jurisdiction of the employer for the purpose of the act shall be jurisdiction of the insurer, who shall be bound by all orders, decrees and judgments rendered against the employer for the payment of compensation under the act; also, every policy must contain an agreement by the insurer that the insurer shall be directly and primarily liable to the employee, or in the event of his death to his dependents, to pay the compensation for which the employer is liable; that every contract for the insurance of compensation shall be deemed to be made subject to the provisions of the act and all provisions of such policies inconsistent with the act shall be void.

We come now to Section 9, which is as follows: "Sec. 9. Every policy hereafter written insuring against liability for personal injuries, other than payment of compensation under this act, shall contain provisions to the effect that the insurer shall be directly liable to the injured party, and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable. Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, may join the insurer as a defendant, in which case judgment shall bind either or both the insured and the insurer; or said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said

judgment in a separate action against said insurer. Provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid; and provided, further, that in no case shall the insurer be liable for damages beyond the amount of the face of the policy.

"All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void."

The defendant in its brief claims, although the language of Section 9 is general and a literal interpretation thereof would include all cases of liability for personal injuries at common law or under any statute other than liability for compensation, that there is doubt as to the scope of the general language used and that consequently the court should take into consideration the title of the act; that, as the act deals with workmen's compensation, Section 9 should be restricted to such compensation, because said section is inconsistent with the title and preamble of the act. We find no merit in this contention.

(2) The language used is plain and unambiguous, the intention of the legislature is manifest therein and there is no occasion to resort to the title of the act or any other sources to discover either the meaning or the intent of the statute. Having provided for the rights of an employee as against the employer and insurer, provision is then made by Section 9 for the protection of persons who sustain personal injuries for which those who are liable have insured themselves against liability. No distinction is made in the act between domestic and foreign insurance companies; both, if they choose to do business in this state, must conform to the law and are only authorized to issue policies in accordance with the law and subject to the provisions thereof.

In the case at bar, by the allegations in the declaration, the following facts appear. A foreign insurance company,

doing business in this state, has issued its policy of insurance subject to the provisions of Section 9. The plaintiff is a resident of the state, the cause of action originated in this state, and process has been lawfully served on said insurance company. In our opinion the defendant corporation is a proper party defendant in this action. The injured party may bring suit against the insurer directly or he may proceed, as was attempted to be done in this case, against both the alleged wrongdoer, the insured, and the insurer in one action. If he fails to secure service on one of the parties he may proceed against the party upon whom service has been made.

(3)

The action of the Superior Court in dismissing the action against the defendant corporation was erroneous. The exception thereto is sustained and the case is remitted to the Superior Court for further proceedings.

*Comstock & Canning, Edward M. Brennan*, for plaintiff.

*Gardner, Moss & Haslam*, for Employers Liability Assurance Corporation.