## JOHN SCHMITT *vs.* AMERICAN BRASS COMPANY.

Third Judicial District, New Haven, January Term, 1929.
WHEELER, C. J., HAINES, HINMAN, BANKS and BROWN, Js.

Argued January 17th—decided March 2d, 1929.

*George E. Beers,* with whom, on the brief, was *Arthur Klein,* for the appellant (plaintiff).

*William J. Larkin, Jr.,* for the appellee (defendant).

BANKS, J.  On November 23d, 1926, the parties entered into a voluntary agreement for the payment of compensation by the defendant to the plaintiff for an injury sustained by him on November 8th, 1926.

On April 5th, 1927, a finding and award was made by the compensation commissioner of the fifth district that the claimant was not suffering from any injury arising out of his employment and dismissing his claim. On May 5th, 1927, the claimant filed a petition for the reopening of the award of April 5th on the ground of newly-discovered evidence, which was granted by the compensation commissioner of the fourth district, who, after a further hearing on July 11th, 1927, found that the claimant was not suffering from any injury arising out of his employment, affirmed the award of April 5th, 1927, and dismissed the claim for further compensation in a supplemental finding and award filed on August 24th, 1927. Thereafter the claimant filed a second petition to reopen the award with the compensation commissioner of the third district. At the hearing the claim for a reopening of the former award was withdrawn and a hearing was held upon a claim for further compensation since July 11th, 1927. The commissioner, in an award dated May 3d, 1928, found that no change had taken place in the physical condition of the claimant since July 11th, 1927, that the claimant was bound by the supplemental finding and award of August 24th, 1927, and was not entitled to any further compensation. This appeal is from the judgment of the Superior Court dismissing the claimant's appeal from this second supplemental finding and award.

No appeal was taken from the original finding and award, which thereupon became final and enforceable in the same manner as a judgment of the Superior Court. General Statutes, § 5365. This decision of the commissioner unappealed from finally determined the right of the claimant to compensation for any injury sustained by him on November 8th, 1926, unless the award should be opened and modified upon proceedings taken in accordance with the provisions of § 5355 of the

General Statutes. *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 624, 110 Atl. 63. We said in that case that there was no similitude between the award and the judgment of a court, and between the proceedings to modify an award and those seeking a new trial of an action in court. This, as we stated, is because the award is the creation of statute, and subject to modification upon the grounds specified in the statute, which are radically different from the causes affording ground for a new trial. Except in this respect, however, an award of the commissioner has all the finality of a judgment of a court. Under the provisions of § 5355 the commissioner has power, at any time during the compensation period, to modify the voluntary agreement or award, (a) if the incapacity of the injured employee has increased, decreased or ceased, or the measure of dependence, on account of which the compensation is paid, has changed, (b) if changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of the Compensation Act, or (c) the commissioner has the same power to open and modify an award as any court of the State has to open and modify a judgment of such court. Acting under remedy (c) Commissioner Buckingham reopened the original award on the ground of newly-discovered evidence, heard the evidence and rendered a supplemental award confirming the original award and dismissing the claim. It does not appear upon what ground the petition was made to Commissioner Kleiner to reopen the supplemental award of August 24th, but this petition was withdrawn and a hearing was held upon the plaintiff's claim for further compensation since July 11th, 1927. Upon this state of the record there was no question properly pending before the commissioner for determination. The commissioner had no jurisdiction of

the claim of the plaintiff, which was finally adjudicated in the supplemental award of August 24th, except, upon proper application, to reopen and modify that award upon one of the grounds enumerated in § 5355. This he was not asked to do, but nevertheless held a hearing and found that no change had taken place in the physical condition of the claimant since July 11th, 1927. It is not contended that this conclusion did not find support in the evidence taken, but the position of the plaintiff is that he was entitled to have the independent judgment of the commissioner presiding at the hearing of May 3d as to the plaintiff's physical condition at that time. The statutory provisions governing the modification of the awards of compensation commissioners furnish no support for such contention.

There is no error.

In this opinion the other judges concurred.