This case is before us on exceptions to a jury trial waived decision in favor of the defendant. Plaintiff's action was for "debt on judgment." His declaration asserted recovery of a judgment against the Providence Roofing and Supply Co. for $154.65 in a negligence case and that said company was insured by defendant. Defendant's plea sets up that the insurance policy contained a condition which had been broken and denied liability. Plaintiff replied that the terms of the policy were immaterial and that the condition had not been broken.
There is no substantial disagreement as to the facts. Damage was done to plaintiff's automobile by an automobile operated by an agent of the Supply Co., on August 29, 1928. The Supply Co. was insured against liability by an indemnity policy issued by defendant company. The policy was of the common type providing for the giving of immediate notice of accident by the Supply Co. to the Insurance *Page 168 
Company and the immediate forwarding to the Insurance Company of any process or summons if legal action should be started against the Supply Co. and thereafter giving the Insurance Company full control of the litigation.
The evidence showed that the fact of the accident was telephoned to the Insurance Company at once and written notice given on September 6, 1928. The Insurance Company knew nothing, however, of commencement of any legal proceedings against the Supply Co. until informed by plaintiff's attorney that suit had been brought and judgment obtained by default when the attorney presented an execution with a "non est inventus" return and demanded payment of the judgment by the company. Upon the Insurance Company's refusal to pay the same the present suit was started under G.L. 1923, Ch. 258, Sec. 7, and our problem concerns the construction of this statute.
The section in question is the last of the chapter dealing with life and fire insurance policies. Its application to the type of indemnity policy here involved is not questioned.Dillon v. Mark, 43 R.I. 119; O'Donnell v. New Amsterdam,etc., Co., 50 R.I. 269, filed May 28, 1929. It was adopted in 1921 as Public Laws, Ch. 2094. Its language plainly was taken in part from Section 1 "Sec. 9" of Chapter 1268, Public Laws 1915, now appearing in G.L. 1923, Ch. 92, Art. V., Sec. 9, Workmen's Compensation Act. Cf. Morrell v. Lalonde, 44 R.I. 20, affirmed in 264 U.S. 572.
Similar statutes have been enacted in other states but their language is not identical. In the Massachusetts statute the injured person's procedure is by bill in equity after a judgment against the insured. Lorando v. Gethro, 228 Mass. 181. In New York it is by action at law against the insurance company "under the terms of the policy." Coleman v. New Amsterdam Cas. Co.,247 N.Y. 271. Our statute, so far as now material, reads: "Every policy hereafter written insuring against liability for property damage . . . shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . *Page 169 
to pay him the amount of damages for which such insured is liable. Such injured party . . . in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process "non est inventus," the said injured party, . . . may proceed directly against the insurer. Said injured party . . . after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer: . . . provided, that in no case shall the insurer be liable for damages beyond the amount of the face of the policy. All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void."
Plaintiff's contention is that the statute gives him the right to proceed in debt on the judgment he has obtained against the Supply Co.; that he was neither under obligation to notify the Insurance Company nor had he right to make that company a party to the litigation against the Supply Co.; that a defence that the Insurance Company had no notice of litigation out of which the judgment arose is of no avail because the statute has imposed an absolute liability on the Insurance Company. Such a contention seems to have been countenanced in Finkelberg v.Continental Cas. Co., 126 Wn. 543, but later disapproved inMerriman v. Maryland Cas. Co., 147 Wn. 579. Likewise in Virginia plaintiff's right is based on the policy and not solely on the judgment. Indemnity Ins. Co. of North America v.Davis, 143 S.E. 328.
In construing the statute the right given to the injured person and the obligation undertaken by the Insurance Company should both be protected if possible. The aim of the statute as to the injured person was not to place him in a more advantageous position than that of the insured. It was to subrogate him to the right which the insured would have had if he had paid the judgment. Lundblad v. *Page 170 New Amsterdam Cas. Co., 163 N.E. 874 (Mass.). It was to enable collection to be made from the indemnitor even if the insured had not been found or had not after recovery of a judgment paid the same. In this respect the statute would enlarge the scope of a policy which contained no such provision. It would create a privity of contract which otherwise would not exist. At the same time it left the ultimate recovery by the injured person subject to the contractual rights created by the policy. It did not seek to impose a new basis of indemnity not contracted for by the Insurance Company.
To construe the statute as giving plaintiff an action of debt on the judgment against the insured obtained without knowledge of the Insurance Company would not only impose a new burden upon the Insurance Company but totally deprive it of its day in court and opportunity to defend the original case on the merits as provided by the policy. Such construction would be opposed to principles underlying our administration of justice even if not violative of the constitutional guaranty of due process of law. Whether the legislature could pass an act imposing such an absolute liability without notice as a condition of allowing an insurance company to do business, we need not decide. The legislature has not passed such an act. The provision of the act for nonjoinder of the Insurance Company in the first suit is clearly to protect the Insurance Company against the well known tendency of jurors to fail to consider merits if a defendant in an automobile accident case is insured. It is not reasonable to suppose that the legislature in one provision safeguarded the Insurance Company and in a following one imposed a liability without opportunity to know of or defend against the claim of an injured person. The portion of the statute allowing the injured party to "proceed directly against the insurer" was applicable when a process against the insured was returned non est inventus. It did not make the judgment against the insured a final determination that the company was liable under the policy. *Page 171 
It gave the right to the injured person to stand in the place of the insured but left the Insurance Company free to contest liability under the policy.
This is not a case of compulsory insurance. The policy is a private contract of indemnity between the insured and the Insurance Company. The policy's terms have been agreed upon between them and if reasonable are not to be disregarded. The policy has in its "insolvency provision" attempted to comply with our statute relative to the right of the injured person to proceed directly against the insurer. Its other requirement of notice of litigation in which its liability may be affected is a reasonable condition in the policy. Sherwood Ice Co. v. U.S.Cas. Co., 40 R.I. 268. The condition is not one inapplicable in a suit by the injured person as in Koury v. Providence —Washington Ins. Co., 145 A. 448, 50 R.I. 118.
The New York statute and the policy now before us express more clearly what we think our statute intended to do, viz., make plaintiff's rights "subject to the terms, limits and conditions of the policy."
In accord with the views here expressed is Stacey v. Fid. Cas. Co., 114 O. St. 633.
The exceptions of the plaintiff are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.