THOMAS J. HENDERSON *vs.* SALVATORE MAZZOTTA ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 21st—decided November 17th, 1931.

*M. Joseph Blumenfeld,* with whom, on the brief, was *David R. Woodhouse,* for the appellants (defendants).

*Frederick J. Rundbaken* and *Moses Hartzmark,* with whom, on the brief, was *Morris Blumer,* for the appellee (plaintiff).

HAINES, J. The plaintiff suffered an injury described as "fracture of right scapula; fracture of left scapula and laceration of scalp." Under the terms of a volun-

tary agreement approved by the commissioner July 31st, 1930, the claimant was paid compensation to October 10th, 1930. On October 24th, after hearing before the commissioner for the first district, additional compensation was allowed for the two weeks from October 10th to October 24th. It was determined by the commissioner at that hearing that the claimant was then able to work, and it was therefore ordered that compensation should cease October 24th. A motion to modify that award was made by the claimant December 3d, 1930, and heard by the commissioner of the second district, who denied the motion. On February 4th, 1931, the claimant filed another motion entitled "Motion for Modification of Finding and Award," upon which a hearing was held by the commissioner of the fifth district acting for the commissioner of the first district, who, on March 9th, 1931, filed a "Ruling on Motion for Modification of Finding and Award, Modification of Award." He found the claimant incapacitated, granted the modification, and held that the respondents should "continue such payments" until the incapacity be shown to have diminished or ceased, not extending beyond the period of five hundred and twenty weeks' period provided by law and applicable to the claimant's injury. It was ordered that the respondents pay the claimant $14.12 per week from and after October 23d; that the bill of Dr. Root be paid to the date of the hearing; and he was designated as the surgeon to treat the claimant. From this the respondents appealed to the Superior Court and, on June 19th, 1931, that court entered judgment finding the issues for the claimant, dismissing the appeal and confirming the award of the commissioner. From this judgment, the respondents appealed to this court.

It is contended that the commissioner was without

jurisdiction to hear and decide the motion for modification, because the award which it was sought to modify had been completely performed and was at an end and there was thus nothing to modify; that by force of its own provisions, the award of October 24th had "terminated the compensation period applicable to the claimant's injury" on that date. The compensation period applicable to this claimant's injury is fixed by statute at five hundred and twenty weeks, and this period was not terminated by the award of October 24th. The jurisdiction of the commissioner over the award continued during the entire period of five hundred and twenty weeks. "It is true that, no appeal having been taken by either party within ten days from its date, the finding and award thereupon becomes final. This manifestly means that it is not subject to review by an appellate court and becomes conclusive upon the parties and fixed and determined in its terms, so to remain until upon formal application and hearing it is modified for cause named in the Act, by the same authority that pronounced it. For this purpose the commissioner retains jurisdiction during the whole compensation period. General Statutes, § 5240." *O'Keefe* v. *Elmer Automobile Co.,* 112 Conn. 370, 378, 152 Atl. 280; *Schmitt* v. *American Brass Co.,* 109 Conn. 599, 601, 145 Atl. 164; *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 624, 110 Atl. 611; *Storms* v. *New Departure Mfg. Co.,* 97 Conn. 332, 335, 116 Atl. 611; *Grabowski* v. *Miskell,* 97 Conn. 76, 82, 115 Atl. 691.

The appellants further contend that the award of March 9th was an original award, and based upon a hearing *de novo*. We do not so understand the proceeding. The motion was for "modification" of the award of October 24th, and expressly sought a modification because changed conditions of fact had arisen.

and the finding of March 9th recites that the hearing "was held on the claimant's motion for modification." This view is further borne out by the fact that the finding and award discloses no attempt to hear the case *de novo*. A hearing *de novo* would have reopened the question of the claimant's condition to the date of the award of October 24th. The finding that on October 24th the disability has ceased and the resulting order terminating the compensation were matters which were subject to a change in the claimant's condition, and if, upon proper notice and hearing, such changed condition was established, the former award could properly be modified to provide for a continuance of compensation, and this seems, from the language of the award of March 9th, to have been exactly what was attempted.

Again, it is claimed that no legal ground for the action of the commissioner on March 9th appears in the motion or the finding and award itself. It is true that no specific statement of this character appears in either, which leads us to say that, in proceedings under the Act, the interests of all parties are best served by clarity and certainty of statement; and so far as possible the terminology of the statute should be followed. While, as we have often reiterated, procedural niceties need not be strictly adhered to in these proceedings, it is also true, as the appellants suggest, that substantive requirements should be fulfilled. A lack of comprehensive and succinct statement of statutory requirements and compliance therewith, either in a motion or in a finding and award, may cause no difficulty where no appeal is taken, but when and if it becomes necessary that an appellate court pass upon the proceedings, being obliged to rely entirely upon the printed record, much uncertainty and trouble may result. The present case illustrates the point.

"The finding and award should conform to the finding of facts in a case tried to the court in an appeal from a Superior Court judgment. It should contain a recital of facts found, the conclusions reached by the commissioner upon these subordinate facts, the claims of law. made by the appellant, the rulings made thereon, and the judgment rendered. The commissioner may also file a memorandum containing the reasons for his conclusions and judgment." *Pettiti* v. *Pardy Construction Co.*, 103 Conn. 101, 104, 130 Atl. 70.

The statute requires, in order that a proper basis be laid for modifying an award, that there be shown to be changed conditions which have arisen since the previous award. Under the present circumstances we feel justified in giving a liberal interpretation to the language used in both the motion and the finding and award in consonance with the spirit and purpose of the Act. We interpret the motion as alleging in effect that the claimant was found, on October 24th, not to be incapacitated, but that he is now incapacitated as a result of the injury, since he has been obliged by a change in his condition, to go to a hospital and to have his body encased in a plaster cast which he will be obliged to wear for a considerable time, and that by reason of these changed conditions of fact, he is entitled to a continuation of compensation. The finding is very meager as a statement of facts found, but in effect it does allege that on January 1st it had become necessary to encase the claimant's body in a plaster cast which he was still wearing, and this we must recognize as a new and changed condition since the previous award. It is said that by reason thereof, no one would hire him as a hod carrier, and this is sufficiently obvious. It is not found that that is his occupation, but we are entitled to assume this from the

language used. We also feel justified in drawing the inference from this statement that the claimant, unable to follow his occupation, is disabled. Further support by inference for this conclusion may be found in the order that "if and when" the surgeon thought the claimant could do selected work he should make an honest effort to obtain it. On this basis, we hold that sufficient facts were established to justify the commissioner in modifying the finding and award of October 24th, and continuing the compensation from the date the recurrent disability began. By no direct statement or reasonable inference, however, can we determine from the finding and award, when the changed condition took place. The compensation awarded is made to begin immediately after the award which is modified. We have no means of ascertaining the correctness of that feature of the award, in the absence of a finding as to when the changed condition and consequent disability arose. To that extent, the action of the Superior Court in confirming the award is erroneous.

The assignments cover two other orders made by the commissioner; one directing the payment of Dr. Root's bill to the date of the hearing and the other designating him as the surgeon to care for and treat the claimant from that time forth. Our attention is called to the statute, General Statutes, § 5232, which provides that when the commissioner finds that good reason exists for doing so, he may authorize or direct a change of physicians. Dr. Yergason was apparently the physician in charge up to the date of the hearing of October 24th, when it was found that the claimant was no longer incapacitated and was entitled to no further compensation. At that time the services of Dr. Yergason must be assumed to have terminated, and the claimant was thus without a physician. He

was at liberty under the provisions of the statute to consult another physician in case of need if none was then provided by the respondents, and if such were the subordinate facts, the order for the payment for the services at the expense of the respondents, might have been proper. The difficulty is that the finding is not specific as to the facts necessary to justify the order of payment. So too, no facts are found which justify the designation by the commissioner of Dr. Root as the surgeon to treat the claimant.

There is error; the case is remanded to the Superior Court to be returned to the commissioner for such correction of the award as may be necessary upon a finding of the facts as to the date of the recurrence of the disability, and the employment and services of Dr. Root.

In this opinion the other judges concurred.