ALBERT MORGAN v. JOHN ADAMS ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided November 26, 1940.

*Norman M. Dube,* for the appellant (plaintiff).

*Vance N. Kirby,* with whom, on the brief, were *Arthur B. O'Keefe, Joseph E. Bove* and *Roy N. Freed,* for the appellees (defendants).

JENNINGS, J. On December 3, 1931, the plaintiff sustained a compensable injury resulting in a loss of vision of his left eye. A finding and award was filed February 11, 1933, in accordance with which disability payments covering the period from the date of the injury to May 9, 1932, were made, as were payments for the total loss of vision of the eye for one hundred and fifty-six weeks from the latter date. The payments for specific indemnity were completed in May, 1935. In September, 1938, as a result of the original injury, the plaintiff's eye began to give him trouble and it was removed. This operation caused further total incapacity for a little over nine weeks. On January 6, 1939, a supplemental finding and award was filed ordering the defendants to pay the plaintiff for his disability during this period as well as the charges incident thereto. All payments under the original award have been made and all orders for the payment of medical bills under both awards have been complied with. The defendants appealed to the Superior Court from the award of 1939 ordering disability payments for the period of incapacity in 1938 and their appeal was sustained. After this judgment was rendered, it was stipulated between the parties that the disability for which compensation was sought was traceable to the original injury. This fact was implicit in the decision of the commissioner and did not affect the basis of the judgment of the trial court. The only question on this appeal is whether this award was authorized by statute.

The statutes involved and the relevant cases are fully reviewed in *Panico* v. *Sperry Engineering Co.,*

113 Conn. 707, 156 Atl. 802. Where, as here, there is disability followed by specific indemnity and subsequent disability the question always is whether the final disability is distinct from and due to a condition which is not a normal and immediate incident of the loss. *Costello* v. *Seamless Rubber Co.*, 99 Conn. 545, 550, 122 Atl. 79. In the *Panico* case, as in *Stapf* v. *Savin*, 125 Conn. 563, 7 Atl. (2d) 226, the final disability was not only traceable to the original injury but was due to a condition which was a normal and immediate incident of the loss. Compensation was accordingly denied. In the *Costello* case the contrary was true and compensation was awarded, the court saying (p. 549): "But where, in consequence of the amputation, injuries result which are distinguishable from those immediate results of the amputated limb, for example, if a nervous disorder ensue, or blood poisoning set in, or a phlebitis develops, affections such as these were not intended by the Compensation Act to be compensated in the loss of this member. They are not the normal and immediate incidents of the lost member."

In this case the specific indemnity was for the "loss of sight in one eye" under General Statutes, § 5237. The statute specifically refers to the loss of sight, not to the loss of the eye. That aside, it is common knowledge that the loss of sight does not necessarily or even usually involve the loss of the eye. While the commissioner did not find in so many words that the loss of the eye was not a normal incident of the loss of sight, he did find a changed condition of fact requiring medical attention and resulting in disability. This taken in connection with the other findings referred to brings the plaintiff within the ruling in the *Costello* case. The final disability was compensable.

The defendant further claims that the commissioner

was without jurisdiction to make a supplemental award because the award had been completely performed. In *Henderson* v. *Mazzotta,* 113 Conn. 747, 750, 157 Atl. 67, a similar claim was made and specifically overruled. General Statutes, § 5240, provides that "The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question." The "compensation period applicable to the injury in question," was held to be five hundred and twenty weeks. The same is true in the case at bar. The commissioner had jurisdiction to make the supplemental award.

There is error; the case is remanded to the Superior Court with direction to dismiss the appeal from the commissioner.

In this opinion the other judges concurred.