**Thomas DIXON et al.**

v.

**AMERICAN RE–INSURANCE COMPANY.**

No. 81–609–Appeal.

Supreme Court of Rhode Island.

June 19, 1984.

John F. McBurney, Robert J. Rahill, Pawtucket, for plaintiffs.

Richard L. Patz, Bruce M. Selya, Barbara R. Binder, Selya & Iannuccillo, Inc., Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from a trial justice's denial of the defendant's motion to amend its answer pursuant to Rule 15 of the Superior Court Rules of Civil Procedure. The defendant insurance carrier sought to avoid liability under a certain policy of insurance by amending its answer to specifically include the defense of lack of timely notice of the plaintiffs' claim against its insured. The trial justice refused to allow the amendment and entered judgment for the plaintiffs. The facts pertinent to this appeal are set out below.

On February 6, 1979, plaintiffs, Thomas Dixon and his daughter, Christine, filed a complaint against defendant pursuant to G.L.1956 (1979 Reenactment) §§ 27-7-1 and 27-7-2. In this complaint, they alleged the following:

"1. Plaintiff, Thomas Dixon, obtained a final judgment against the defendant's insured, Royal Cab Company, Inc., under Contract No. 8588-0001, on January 8, 1979 for the sum of Three Thousand, Five Hundred Sixty-one and 20/100 ($3,561.20) Dollars.

"2. Plaintiff, Christine Dixon, obtained final judgment against the defendant's insured, Royal Cab Company, Inc. under Contract No. 85588-0001, on January 8, 1979, in the sum of Seventy-eight Thousand, Nine hundred Seventy-five ($78,975.00) Dollars.

"3. Executions issued in pursuance thereof were returned 'Nulla Bona' on January 16, 1979.

"4. Wherefore, the plaintiffs bring this action against the defendant directly pursuant to Chapter 27-7-1 and 27-7-2 of the General Laws as amended.

"Wherefore, plaintiffs demand judgment against the defendant in the sum of One Hundred Thousand ($100,000.00) Dollars plus interest and costs."

The defendant answered plaintiffs' complaint on March 2, 1979. In its answer, defendant denied all of plaintiffs' material allegations, including its liability for any of plaintiffs' injuries, and raised certain affirmative defenses. In paragraph 5 of defendant's answer, defendant stated "that the complaint fails to state a claim upon which relief can be granted in that any indemnity policy heretofore issued by the defendant to the supposed judgment debtor was and is of no force and effect with respect to the instant claims by reason of failure of conditions precedent."

On August 5, 1981, this matter came before a trial justice of the Superior Court on defendant's motion to amend paragraph 5 of its answer by adding to paragraph 5 the clause "including without limitation, lack of notice and prejudice by reason thereof." Defense counsel argued in sup-

port of this motion that the "notice defense" had been adequately described in paragraph 5 of its initial answer and, in any event, had been specifically mentioned in defendant's response to one of plaintiffs' interrogatories filed by defendant filed on July 14, 1979.[1] In defense counsel's own words, the sole reason defendant moved to amend its initial answer was "to avoid any technical defenses" that plaintiffs might raise concerning defendant's argument that it had received no timely notice of plaintiffs' claim as required by its insurance contract with its insured.

The plaintiffs' counsel objected to defendant's motion to amend its answer on the ground that defendant was now attempting to plead a special defense even though the period for such pleading had expired. The trial justice sustained plaintiffs' objection, and defendant filed this appeal.

The sole issue presented in this appeal is whether the trial justice's denial of defendant's motion to amend its answer to include the defense of lack of timely notice was correct. Our review of Rules 9 and 15 of the Superior Court Rules of Civil Procedure and the relevant authorities interpreting these rules convinces us that the trial justice was wrong in denying defendant's motion.

A motion to amend under Rule 15 should be freely granted when the " 'presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.' " *Kenney v. Providence Gas Co.,* 118 R.I. 134, 142, 372 A.2d 510, 514 (1977).

█ In the instant case, the effect of allowing defendant to amend its answer in the manner proposed would have been to highlight its reliance upon the defense of lack of notice. In this regard, it is our opinion that the amendment as proposed would have clearly promoted the disposition of the merits of plaintiffs' case. Consequently, unless plaintiffs can demonstrate that the allowance of this amendment by the trial justice would have resulted in impermissible prejudice to them in the trial of this action, the plain language of Rule 15 directs that such amendment be permitted.

█ Reviewing the record, we find that virtually no factual evidence exists here to substantiate a claim of prejudice to plaintiffs of that magnitude necessary to support the denial of defendant's motion to amend its answer under Rule 15. Indeed, the actual language employed by defendant in paragraph 5 of its initial answer should have alerted plaintiffs to the fact that defendant would rely upon the defense of lack of timely notice to avoid liability for plaintiffs' injuries. In actions against an insurance carrier under §§ 27-7-1 and 27-7-2, in which a defendant affirmatively pleads the failure of a condition precedent as a defense to its liability thereunder, we do not think it unreasonable to conclude that a plaintiff would be sufficiently apprised of the defendant's likely reliance upon a defense of no notice of the plaintiff's claim against the defendant's insured. We have previously stated that a fatal failure of a condition precedent in an action brought against an insurance carrier is the failure of the insured or the injured party to provide timely notice of a claim to the insurance carrier pursuant to the specific terms of the policy. *Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 158-61, 282 A.2d 584, 592-93 (1971); *Cinq-Mars v. Travelers Insurance Co.,* 100

---

1. In response to plaintiffs' request that defendant "state with particularity all the facts on which [it] based [its] answer in paragraph 5 in defendant's answer to plaintiffs' complaint," defendant specifically stated that "[o]bjection is interposed to this interrogatory on the ground that it calls for evidentiary details and for legal conclusions. Without waiving this objection defendant points out that it was totally deprived of notice either of the incident or of the litigation as of the pendency of trial, and that it was substantially prejudiced in consequence thereof."

R.I. 603, 610–11, 218 A.2d 467, 471–72 (1966); *Miller v. Metropolitan Casualty Insurance Co. of New York*, 50 R.I. 166, 169–71, 146 A. 412, 414 (1929).

In addition to the language contained in paragraph 5 of the defendant's answer, the request embodied in interrogatory No. 8 propounded by plaintiffs to defendant and defendant's response thereto make it apparent that plaintiffs were not unfairly surprised by defendant's motion to amend its answer on August 4, 1981. Absent such a showing of extreme prejudice or unfair surprise, Rule 15 directs that the trial justice should have granted defendant's motion to amend its answer. *See Kenney v. Providence Gas Co.*, 118 R.I. at 142, 372 A.2d at 514.

One further comment is in order to fully resolve this dispute. Although no factual basis exists to support a finding that plaintiffs would be unfairly surprised or unduly prejudiced by our ordering the Superior Court to permit defendant to amend its answer as initially proposed, the propriety of the issuance of such an order must also be consistent with the express terms of Rule 9(c) of the Superior Court Rules of Civil Procedure. In its pertinent part, Rule 9(c) provides that "[a] denial of performance or occurrence [of conditions precedent] shall be made specifically and with particularity." On its face, therefore, it is certainly arguable that the language contained in paragraph 5 of defendant's answer is general in nature and is not framed with the degree of specificity required by Rule 9(c).

■ In cases in which a plaintiff fails to allege the performance of conditions precedent to establish a defendant's liability, however, the rule is that matters normally put into dispute by a specific denial need not be raised as affirmative defenses in order to be preserved. 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1304 at 432–33 (1969). When the plaintiff does not allege in his complaint the performance or occurrence of conditions precedent to establish the defendant's lia-

bility, the defendant is permitted to "present evidence at trial of the nonoccurrence of the conditions [precedent] since the defense of failure to state a claim upon which relief can be granted may be shown at any time." *Royal McBee Corp. v. Bryant*, 217 A.2d 603, 607 (D.C.App.1966).

■ In this case, there is no language in plaintiffs' complaint that would indicate that any conditions precedent to imposing liability upon defendant have occurred or were performed by plaintiffs or defendant's insured. The substance of plaintiffs' five-paragraph complaint is simply that they possessed unsatisfied judgments against defendant's insured. There are neither general nor specific allegations in plaintiffs' complaint concerning the occurrence or performance of any relevant conditions precedent to require a specific and particular denial of such events by defendant under Rule 9(c).

■ Under these facts, we shall not depart from our well-established rule that an injured party's right against an insurer is subject to the policy requirement that timely notice be given to the insurer of an action against his insured. *Pickering v. American Employers Insurance Co.*, 109 R.I. at 158–61, 282 A.2d at 592–93; *Cinq-Mars v. Travelers Insurance Co.*, 100 R.I. at 610–11, 218 A.2d at 471–72; *Miller v. Metropolitan Casualty Insurance Co.*, 50 R.I. at 169–71, 146 A. at 414.

For the reasons stated, the defendant's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.