[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANT SECONDINJURY FUND AND MOTION TO DISMISS OF CONNECTICUT INSURANCE GUARANTYASSOCIATION
The within action is an application for an order in the nature of a Mandamus against the Second Injury Fund and against the Connecticut Insurance Guaranty Association for payment of sums claimed to be due from the defendants, or either of them, resulting from an order of Darius Spain, Commissioner of the Workers Compensation Commission for the First District.
On July 15, 1996 the Special Injury Fund moved to dismiss the action against it claiming lack of subject matter jurisdiction. On October 15, 1996 the Connecticut Insurance Guaranty Association moved to dismiss the action against it claiming lack of subject matter jurisdiction and further claiming that the plaintiff's claim against it is time barred.
The complaint alleges that on February 21, 1995 Honorable Darius Spain issued a finding and award ordering that certain of the respondents in that action, including the defendant Connecticut Insurance Guaranty Association pay to the petitioner $24,817.84 plus interest. The complaint alleges that in the event the award was not paid by the defendant Connecticut Guaranty Association within 10 days the Second Injury Fund must pay said award. No appeal was taken from the finding and award by either the Second Injury Fund or by the Connecticut Insurance Guaranty Association. The second Injury Fund's Motion to Reopen Judgment, filed July 5, 1995, was denied by Commissioner Honorable Robin Waller on April 3, 1996. No appeal has been taken from that decision CT Page 6993
The basis of the Commissioner's award rests upon his finding that three of the employees, Monaco Ford, National Motors Company and Marc Nissan were insured by American Mutual Insurance Company. The Connecticut Insurance Guaranty Association alleges in its answer to this complaint that American Mutual Insurance Company had been declared as insolvent by a court of competent jurisdiction on March 9, 1989. Chapter 704a, Connecticut General Statutes 38a-836
through 38a-854 sets forth the responsibilities and the rights of the Guaranty Association under these circumstances. Hence, the Commissioner's order concerning the Guaranty Association.
 I.
Motion to Dismiss of Connecticut Guaranty Association
The Guaranty Association (CIGA), on October 15, 1996, moves to dismiss this action. The basis for this motion is that the plaintiff's claim is time barred by reason of Conn. Gen. Stat. 38a-841 (1)(a)ii(B), which states: ". . ., provided in no event shall . . . (B) said association be obliged for any claim filed with the association after the expiration of two years from the date of the declaration of insolvency."
The defendant contends that neither the plaintiff Krupen, nor the employers, Monaco Ford, National Motors Company or Marc Nissan filed a claim prior to the expiration of two years from the date of insolvency. This contention is vigorously contested by the plaintiff in his affidavits and enclosures attached thereto. There is substantial evidence to indicate that notice was in fact given, including notice by the Workers Compensation Commissioner to what is claimed to be the representative of CIGA.
This court has jurisdiction over the subject matter of this dispute by virtue of the provisions of General Statutes § 38a-843(3), which specifically allows the plaintiff's petition to this court. The question of notice is a factual dispute which does not, unresolved at this stage, implicate the subject matter jurisdiction of this court.
The second reason given for this motion to dismiss is that the Workers Compensation Commission does not have subject matter jurisdiction to interpret and to apply the provisions CT Page 6994 of the Connecticut Insurance Guaranty Act, and that the court should not give effect to the Finding and Award entered against CIGA by the Workers Compensation Commission. This raises not a question of the jurisdiction of this court but rather a question of the jurisdiction of the Workers Compensation Commission. Assuming arguendo, that the Commission does not have subject matter jurisdiction to determine CIGA claims, yet that would not implicate this court's jurisdiction to determine the claims of the plaintiff under General Statute § 38a-843 (3). To the extent that this defendant attacks the Commissioner's subject matter jurisdiction, and hence the ability of this court to specifically enforce the Commissioner's decision in accordance with its specific terms, this may be accomplished by a specific pleading to that effect. Such attack, however, does not reach the jurisdiction of this court to determine the plaintiff's claim under General Statutes § 38a-843 (3). This subject will be discussed further in the second part of this decision.
Connecticut Insurance Guaranty Association having finally made a determination, by virtue of its answer and special defense in this action, to deny this claim, the plaintiff has the right to petition this court for a judicial determination as to the denial of the claim.
The court does not determine in this decision, whether mandamus is an appropriate claim for relief or whether, under the facts pleaded, money damages or such further legal and equitable relief, as requested, may be the appropriate claim for relief under the court's broad equitable powers pursuant to the provisions of General Statutes § 38a-843 (3). The petition is properly pleaded under that statute, regardless of its caption.
The motion to dismiss of Connecticut Insurance Guaranty Association is denied.
 II.
The Second Injury Fund's Motion to Dismiss
The defendant Second Injury Fund files this motion to dismiss, claiming lack of subject matter jurisdiction over this action. The defendant claims that there is no subject CT Page 6995 matter jurisdiction under General Statutes § 31-355 for a workers compensation commissioner to order payment by the Second Injury Fund when the employer's insurer is insolvent. The defendant further claims that there is no subject matter jurisdiction to issue an award unless it is affirmatively found that a claim was filed within 2 years of declaration of insolvency in accordance with Conn. Gen. Stat. § 38a-841.
The plaintiff contends, in opposition to the motion, that the Second Injury Fund failed to appeal the decision of the Workers Compensation Commission. Such appeals are provided for by General Statutes § 31-301. Appeals are required to be taken to the Compensation Review Division and must be taken within ten days of the entry of the award by the Commissioner. Hence, the plaintiff claims, in effect, that the Second Injury Fund has waived, and is precluded from asserting lack of jurisdiction by virtue of its failure to exhaust its administrative remedies.
The position taken by the Second Injury Fund in its motion to dismiss is that the Second Injury Fund was created by statute and that its obligations are strictly limited to its statutory obligations. This contention appears to be supported by traditional interpretation of statutory causes of action, including the recent case of Civardi v. Norwich,231 Conn. 287, 294 (1994); also Castro v. Viera, 207 Conn. 420,428 (1988).
The defendant's contention concerning lack of subject matter jurisdiction focuses upon the provision of General Statutes § 31-355(a) which provides:
 "(b) Notwithstanding the provisions of subsection (a) of this section, whenever the employer's insurer has been determined to be insolvent, as defined in section 38-275, such payments shall be the obligation of the Connecticut Insurance Guaranty Association pursuant to the provisions of Chapter 687."
First, as to the plaintiff's contention that by failing to appeal the Commissioner's decision the Second Injury Fund has waived its right to challenge subject matter jurisdiction. CT Page 6996
 "Subject matter jurisdiction unlike jurisdiction of the person, cannot be created by consent or waiver.
 Castro v. Viera, 207 Conn. 420, 429, 430 (1988)
 Given the circumstances, the Commissioner had the duty to determine whether there was subject matter jurisdiction."
 Castro v. Viera, supra, p. 434.
It must be noted that the present action is not an appeal. It is not part of the appeal process. It is an action on the judgment. It is an action to enforce the judgment. It is not a proceeding "on the record" as would be an administrative appeal, such as was Castro v. Viera, supra.
 ". . . the award of the Commissioner has all of the finality of a judgment of a court."
 Schmitt v. American Brass Co., 109 Conn. 599, 601 (1929)
This action is able to be brought pursuant to General Statutes § 31-300.
 "If no appeal is taken from his decision by either party within ten days thereafter such award may be enforced in the same manner as a judgment of the superior court. The court may issue execution upon any uncontested or final award of the Commissioner."
General Statutes § 31-300.
The fact that this is an action on a judgment does not foreclose the defendant from challenging the subject matter of the Commissioner in issuing his decision.
 "If the board lacked jurisdiction as the plaintiff maintains its determination was void."
CT Page 6997
 Smith v. F. W. Woolworth Co., 142 Conn. 88, 93 (1995)
Hence, even though the defendant may be precluded from challenging other aspects of the judgment, by virtue of the defendant's failure to appeal, yet the defendant is not inherently precluded from challenging, in this action, the Commissioner's subject matter jurisdiction to enter the order.
The defendant is not precluded from challenging theCommissioner's subject matter jurisdiction to enter this order, in defense of this action on that judgment. However, that challenge does not implicate this court's subject matter jurisdiction to entertain this action on the judgment. An action to enforce a judgment may be factually defended, in this action, on the basis of lack of subject matter jurisdiction to enter the original judgment which is sought to be enforced by this action.
In general, the burden of proving a lack of jurisdiction of the rendering authority is upon the person challenging the jurisdiction of the authority who rendered the judgment. SeeTaylor v. Taylor, 168 Conn. 619, 621 (1975).
Collateral attacks upon actions to enforce judgments are not uncommon. Such attacks, however do not implicate the subject matter jurisdiction of the court to entertain the action to enforce the judgment. Lack of subject matter jurisdiction as concerns the judgment sought to be enforced are able to be pleaded, as a defense to such actions brought to enforce a judgment. There may also be factual and legal defenses to the claim of lack of subject matter jurisdiction in the entry of the judgment sought to be enforced.
The motion of the defendant Second Injury Fund is directed to the jurisdiction of the Commissioner to issue the order. Such attack goes to the factual and legal enforceability of the order, the judgment, and not to the jurisdiction of this court to entertain this action.
This court does not determine whether the complaint is well pleaded. The court determines only the question of jurisdiction to entertain the action. CT Page 6998
For the reasons set forth herein the motion of the Second Injury Fund to dismiss this action for lack of subject matter jurisdiction of this court to entertain this action is denied.
J. P. Sullivan, J.