Dumeer *v.* Middletown Gas Light Co.

## LOUISE A. DUMEER *vs.* THE MIDDLETOWN GAS LIGHT COMPANY ET AL.

First Judicial District, Hartford, May Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN AND WOLFE, Js.

The burden rests upon a claimant under the Workmen's Compensation Act to prove that his injury arose out of and in the course of his employment.

Upon an appeal from a finding and award of a compensation commissioner, the power of the Superior Court to correct the finding is analogous to, and its method of making the corrections similar to, the power and method of this court in correcting the findings of the Superior Court.

In the present case, the commissioner found that after working during an excessively hot day in the performance of his duties as a fireman, the decedent returned home exhausted, retired after complaining of the heat, and on the following morning was last seen alive by an acquaintance when he appeared confused and unnatural, was perspiring freely and was walking rapidly on his way to work, and that several days later his body was found floating in the Connecticut River. From these facts, the commissioner inferred that after he was last seen, the decedent "kept on in a straight line which eventually brought him to a point where he fell into the river and was drowned," and concluded that his death arose out of and in the course of his employment. Upon the defendants' appeal, the Superior Court ruled that the commissioner's finding as to the decedent's conduct after he was last seen alive was made without evidence, and vacated the award. *Held* that the Superior Court did not err.

The answer of an expert to a hypothetical question is of little value when the question assumes facts not in evidence.

Argued May 4th—decided May 29th, 1926.

APPEAL by the defendants from a finding and award of the compensation commissioner for the second district in favor of the plaintiff, taken to the Superior Court in Middlesex County and tried to the court, *Banks, J.;* judgment rendered sustaining the appeal and vacating the award, from which the plaintiff appealed. *No error.*

*Ralph O. Wells,* with whom, on the brief, was *Henry C. Stone,* for the appellant (plaintiff).

*William B. Ely,* for the appellees (defendants).

CURTIS, J. The record discloses that the plaintiff is the widow and sole dependent of Julius C. Dumeer, who died in June, 1925, when he was an employee of the defendant Gas Company. The vital question in this case is whether the death of Dumeer resulted from an injury arising out of and in the course of his employment. The burden of proof rested upon the claimant to establish these facts.

The commissioner made a finding which, if uncorrected, finds facts proven which support the conclusions and award. The defendants moved that the commissioner correct the finding in essential particulars. The commissioner denied the motion and the defendants duly appealed from such denial. All of the evidence in the case was certified up by the commissioner, and is printed in the record.

The trial court, after due hearing, made the corrections sought by the defendants, and the claimant appealed from such action of the trial court. The situation created by the corrections is thus indicated in the brief of the claimant (plaintiff): "If these corrections of the finding were not made, it is clear that the claimant would be entitled to compensation on the basis of the finding as made by the commissioner."

The Practice Book, p. 257, § 69, provides, in relation to workmen's compensation cases, that "the Superior Court does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review

the conclusions of the commissioner when these depend on the weight of the evidence and the credibility of witnesses. Its power in the correction of the finding of the commissioner is analogous to, and its method of correcting the finding similar to, the power and method of the Supreme Court of Errors in correcting the findings of the Superior Court." These are the rules announced by us in *Atwood* v. *Connecticut Light & Power Co.,* 95 Conn. 669, 112 Atl. 269.

The Practice Book, p. 309, § 11, sets forth the three grounds for the correction of a finding which raise questions of law in this court.

The motion to correct, upon which the Superior Court ruled, raised the question, as the record discloses, whether the commissioner had found certain facts without evidence. The commissioner found among other facts that Dumeer was an employee of the defendant Gas Company, and on June 3d, 1925, was employed at its plant in Middletown as a fireman, and that this work involved on that day cleaning the fire-box of one of the boilers, and necessitated his working for about one and one-half to two hours in an uncomfortable cramped position. The day was one of extreme heat, and he returned home at night in an exhausted condition, complaining that it had been the hardest and hottest day he had ever worked, and after eating his supper he retired, and arose on the morning of June 4th at his usual time, ate his breakfast, and started for his work. The decedent was a little ahead of time on the morning of June 4th in starting for his work, and in spite of the unusual heat, when last seen he was walking rapidly, perspiring freely, was red in the face, and appeared confused, or at least unnatural, to the acquaintance with whom he generally talked for a few minutes every morning on his way to work, at the corner of Pleasant and South Main streets, in the

city of Middletown, and his body was found a few days later, or on June 7th, 1925, floating in the Connecticut River.

There was no evidence as to the whereabouts of the decedent during the period intervening between the time when last seen as above, and the time when his body was found floating in the river.

The commissioner deemed that, under the evidence, he was justified in finding that the decedent, after he was last seen as above, " kept on in a straight line, which eventually brought him to a point where he fell into the river and was drowned."

The trial court, after a review of the evidence, held in effect that such finding as to the decedent's conduct after he was "last seen" as above, was a fact found without evidence and merely a speculation and conjecture by the trier, and that there was not any evidence to support in law the conclusions essential to sustain the award.

The opinion of the two medical experts who testified in behalf of the claimant, that the decedent's death was indirectly caused by the conditions of his employment, loses its importance when the hypothetical question is examined and found to contain assumed facts, which are not found in the evidence.

The burden of proof being on the claimant, we are of the opinion that the commissioner could not have found that the conduct of the decedent after he was last seen was such as he found it to have been without indulging in surmise and conjecture, and that the trial court did not err in setting aside the award. *Plona* v. *Connecticut Co.,* 101 Conn. 445, 126 Atl. 529.

There is no error.

In this opinion the other judges concurred.