JULIA CALLAHAN *vs.* THE WILLIAM SCHOLLHORN
COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The compensation commissioner found that after the plaintiff's hus-
band had lifted an iron weight in the course of his employment,
he complained of a pain in his back and discovered a lump in
the inguinal region, and that, about a week later, when the
pains recurred after lifting another load, he consulted a doctor
who found that he had a hernia and advised an operation which
was performed and from the effects of which he died. The
commissioner concluded that the plaintiff was entitled to an
award. *Held:*

1. That in the absence of further findings establishing the connection
   between the hernia and the strain of lifting and showing par-
   ticularly the immediate physical results which would be pro-
   duced by such a hernia, the commissioner's conclusion was not
   supported by the subordinate facts.
2. That it was impossible to find from the medical testimony when,
   or from what cause, the hernia had occurred, or that the de-
   cedent had exhibited the immediate and acute symptoms to be
   expected from a traumatic hernia.
3. That under the circumstances the commissioner was not jus-
   tified in disregarding the undisputed opinion of the defendants'
   qualified medical expert that the pain in the decedent's back
   was not related to the hernia.
4. That the case should be returned to the commissioner for a
   further hearing in order that the plaintiff might have an oppor-
   tunity to prove the facts necessary to support an award in her
   favor.

Argued April 14th—decided June 6th, 1927.

APPEAL by the defendants from a finding and award
of the compensation commissioner for the third district
in favor of the plaintiff, taken to the Superior Court
in New Haven County and tried to the court, *Wolfe,
J.*; judgment rendered dismissing the appeal and
affirming the award, from which the defendants ap-
pealed. *Error; cause remanded to Superior Court with*

*direction to sustain the appeal and return the case to the commissioner for further action in accordance with opinion.*

*Saul P. Waskowitz,* for the appellants (defendants).

*Walter J. Walsh,* for the appellee (plaintiff).

MALTBIE, J.   The commissioner has found the following facts: During the first week of May the deceased, while lifting an iron weight in the course of his employment in the respondents' factory, complained of a pain in his back.   That night he told his wife that he had been hurt in the factory, saying that he had a peculiar feeling in his back.   On examination a lump was discovered in the inguinal region, which was treated by the use of a mustard plaster and a hot-water bottle.   He returned to work the next day, and continued working about a week, when he again complained of pain in his back while helping a fellow employee to lift a heavy box, saying he had been hurt the week before and was now hurt again.   He continued to work during the day, but complained of pain and had to have help in taking off his overalls at noon, as he could not bend.   He consulted a doctor, who found that he had a hernia and advised an operation. This was performed on May 21st.   The hernia was a complete inguinal hernia, with a sac that went down into the scrotum.   The deceased died on May 30th of pneumonia caused by the administration of ether at the time of the operation.   The commissioner reached the conclusion that the hernia was due to a strain suffered while lifting the iron, and awarded compensation.

The finding of the commissioner is barren of any other facts than those stated, from which he could

reach the conclusion that the hernia was due to the strain, and particularly of any findings as to the immediate physical result which would be produced by a hernia such as that from which the claimant was suffering, or of medical testimony tending to connect the hernia with the strain from the lifting. In this respect the finding is open to the criticism we made of that before us in *Louth* v. *G. & O. Mfg. Co.,* 104 Conn. 459, 133 Atl. 664. The respondents sought to have several paragraphs added to the finding which state facts of this nature which they claim to have proved and, the commissioner and the trial court having refused to make the additions, the respondents have brought all the testimony into the record to support their contention. From an examination of it we find that the only medical testimony introduced by the claimant was that of the doctor whom the deceased first consulted and the surgeon who performed the operation; that they described the nature of the hernia and the operation performed; but that neither of them gave any testimony tending to show that the complaints made by the deceased were indicative of a hernia then suffered, or describing the immediate physical results produced when such a hernia results from a sudden strain, or connecting the hernia with the particular strain claimed to be its cause. Indeed, the eminent surgeon who performed the operation stated that he could not tell whether the hernia was of recent or long duration, or how long it had been there.

On the other hand, an eminent surgeon of long experience produced by the respondents testified that, had such a hernia been produced by the lifting of the iron, it would have caused marked prostration, the person suffering it becoming white and perspiring all over; that it would have produced considerable pain in the region of the groin; that one may have a

hernia for some time without knowing of it; that the lifting of the weight would have been more likely to produce a back strain than a hernia; and that the pains in the back of which the deceased complained were not referable to the hernia. He gave it as his opinion that if a hernia such as the deceased suffered had resulted from the strain, the deceased would have known at once where it was and what it was and it would have given him a very conscious disturbance in the region where it occurred.

The additions to the finding sought by the respondents bear upon this phase of the case in only two ways. They seek to embody in the finding a paragraph reciting the conclusions of a committee of the New England Surgical Society as to the criteria for determining what constitutes true traumatic hernia and also a paragraph stating specifically that none of these were present in this case; but it is sufficient to justify the commissioner's action in refusing these additions that, as to the former paragraph, the respondents' surgeon gave this report a very qualified indorsement, and that as to the latter, it contained statements of fact which were not supported by admitted or undisputed evidence. The other addition the respondents seek is a finding that the pains in the back of which the deceased complained were not related to the hernia and could not indicate that the hernia was caused by the strain. Medical testimony produced by the respondents supports this statement; the commissioner said at the hearing that in a great many cases of hernia coming before him complaint was made of pains in the back and that, apparently, is the reason he refused the finding; but the record does not disclose that the commissioner reached the conclusion that the witness was untrustworthy, nor does it disclose such experience or special knowledge on his part as would justify his

disregarding the otherwise undisputed opinion of a qualified expert in a matter pertaining to medical science. This addition to the finding should therefore be made. The effect is to remove from the case the complaint of pain in the back as indicating that the lifting of the iron caused the hernia. All that remains to support the commissioner's conclusion that the strain did cause the hernia are the facts that the deceased had suffered no known physical impairment before he lifted it and that the hernia was discovered shortly thereafter. The evidence of the surgeon produced by the respondents makes clear that the commissioner's conclusion could properly be substantiated only by a finding of facts within the field of expert medical knowledge. It follows that that conclusion is not supported by the subordinate facts appearing in the finding and award. *Bates* v. *Carroll,* 99 Conn. 677, 679, 122 Atl. 562; *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 714, 134 Atl. 259. As, however, the claimant may be able to establish the necessary facts to justify an award upon a further hearing, the case should be returned to the commissioner that she may have an opportunity to do so. *Cormican* v. *McMahon,* 102 Conn. 234, 238, 128 Atl. 709.

There is error, the cause is remanded to the Superior Court with direction to sustain the appeal and return the case to the commissioner for further action in accordance with this opinion.

In this opinion the other judges concurred.