PETER CIVITELLO *v.* CONNECTICUT SAVINGS BANK ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 9—decided March 6, 1942.

*David S. Korn,* for the appellant (plaintiff).

*Francis J. Moran* and *John E. McNerney,* for the appellees (defendants).

BROWN, J. The first appeal as taken to the Superior Court was from a finding and award of the workmen's compensation commissioner for the third district dated November 23, 1939, refusing to open or modify a voluntary agreement approved April 25, 1938, which awarded the plaintiff compensation for an injury to his ninth rib on the right side sustained on March 16, 1938, in a fall down a flight of stairs while engaged in wrecking a building of the named defendant, his employer. Under the voluntary agreement the plaintiff was paid compensation until May 9, 1938, on which date he returned to work, and he continued in the employ of the defendant Bank until November 5, 1938, when he voluntarily left. During the ensuing two weeks the plaintiff supervised and took part in building a porch on his home and a week or two later requested employment of the Bank, but has never been re-employed by it. The plaintiff is sixty-two years old and until his injury had worked for the Bank as a general carpenter doing repair work and occasionally doing house wrecking. Following his return to work on May 9, 1938, the plaintiff did no more house wrecking and was favored by the Bank by being given light work whenever it was possible, but in general he did the same type and amount of work as he had done

previous to his injury. The plaintiff made certain complaints which he attributed to the fractured rib, and claimed that because of it he was incapacitated from working. The plaintiff may have pain or discomfort at the site of this fracture under certain conditions, but is not in need of any further medical attention. These were facts found by the commissioner and are not subject to correction. He further found that the plaintiff, since November 5, 1938, has not been either partially or totally incapacitated from working because of the accident of March 16, 1938, nor by reason of pain or discomfort at the site of the fracture. The Superior Court dismissed the appeal and affirmed the award. The question determinative of the appeal to this court is whether the plaintiff is entitled to a correction of the finding that since November 5, 1938, he had been neither totally nor partially incapacitated by the original injury.

As is indicated by the facts which the commissioner has properly found, the plaintiff's work had been that of a general carpenter doing repair work for the Bank which occasionally involved house wrecking. The undisputed testimony of the Bank's superintendent of maintenance and of its foreman of carpenters shows that this heavy carpenter's work of house wrecking was a material part of the work done by its general carpenters on repair work such as the plaintiff. It is reasonably to be inferred from the finding and is undisputed that prior to his injury the plaintiff was capable of doing in the course of his employment this kind of heavy carpenter's work. In fact it is found that he was so engaged when the accident occurred. If his injury rendered him unable to continue doing this work this inability on his part as such a carpenter would amount to partial incapacity. The question is, does the evidence reasonably support the finding of the

commissioner that the plaintiff, since November 5, 1938, has not been partially incapacitated by reason of the accident on March 16, 1938?

The testimony of witnesses for both the plaintiff and defendants is that house wrecking constitutes heavy carpenter's work, and this appears to be undisputed. There is a conflict of evidence as to whether by reason of his injury the plaintiff was no longer able to do this sort of work. He testified that this was the fact and his witness Dr. FitzSimons stated in substance that in his opinion this was so. Doctors Brody, Sullivan and Cook, as expert witnesses for the defendants, testified as their opinion that this was not so, and that the plaintiff was able to continue doing the regular work which he had been doing before his injury. While the effect of their testimony was modified somewhat by cross-examination, in view of the plaintiff's age, the work which he did perform subsequent to his injury, and all of the other pertinent facts in evidence, we cannot say that it does not reasonably support the commissioner's finding to the effect that notwithstanding he may have some pain at the site of the fracture under certain conditions, he is not partially incapacitated from working because of it. The Superior Court did not err in dismissing the appeal and affirming the award on the first appeal.

While the appeal to the Superior Court above discussed was pending, on August 16, 1940, the plaintiff made a motion that the commissioner open the finding and award of November 23, 1939, on the ground of newly discovered evidence, alleging that since the award his condition had become progressively worse in that he had suffered pathological and neurological changes, caused by the original injury, as would be proved in detail by medical testimony. The proceedings upon this motion have eventuated in the second

appeal before us. Aside from brief testimony by the plaintiff himself, the only evidence produced in support of the motion was the testimony of Dr. Louis Notkins as an expert. He stated that the plaintiff was suffering from an organic traumatic neuritis of the intercostal nerves residual of the fracture of the rib, and from a traumatic neurosis and a heart irregularity totally incapacitating him for work, both of which were functional, all caused by the original injury. The defendants offered no evidence. The commissioner found that the neuritis was a condition ruled upon in the award made, and that there had been no change in this condition since. He further found that neither the neurosis nor the heart irregularity was proximately caused by the original injury. He concluded that the award of November 23, 1939, was made on the basis of adequate medical testimony and all the issues were fairly litigated; that no changed conditions of fact had arisen which would justify the opening of the award; and that the evidence offered was cumulative in its nature and would not, in his judgment, be likely to produce a different result. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 10, 137 Atl. 26. The Superior Court affirmed the commissioner's award and dismissed the appeal, holding that none of the subordinate facts sought to be added to the finding were admitted, nor were any of the subordinate facts sought to be eliminated from it found without evidence; that no inconsistency appeared between the ultimate and subordinate facts as contained in it, and none of the ultimate facts were unsupported by such subordinate facts; and that there was nothing indicating that the finding was in any respect "so unreasonable as to justify judicial interference," citing *Leszczymski* v. *Radel Oyster Co.,* 102 Conn. 511, 515, 129 Atl. 539, and *Taylor* v. *M. A. Gammino Construction Co.,* 127 Conn.

528, 531, 18 Atl. (2d) 400. An examination of the record shows that the conclusions of the Superior Court were correct unless the plaintiff is entitled to prevail upon his contention that, since the expert testimony of Dr. Notkins that the plaintiff's injury caused his neurosis and heart irregularity with the accompanying total incapacity stands uncontradicted, the commissioner was bound so to find.

In order to prevail upon his motion the plaintiff had to sustain the burden of proving that Dr. Notkins' testimony would probably produce a different result. Although the newly discovered evidence which the plaintiff offered in support of his motion related primarily to the changed condition of fact involved in the pathological and neurological changes which he claimed to have suffered subsequent to the award of November 23, 1939, the record shows that the essential issue raised by the motion and determined by the commissioner's award was whether newly discovered evidence entitled the plaintiff to relief. This was not, therefore, the more usual motion to reopen an award on the ground of a changed condition of fact, but was one for a re-hearing of such a motion, which had been previously heard and denied. It was in fact primarily a motion for a new trial. Therefore the evidence offered in support of it was not to be considered alone but in relation to that offered when the original motion to reopen, determined by the award of November 23, 1939, was heard, and the issue was, would the new testimony probably have produced a different result? *State* v. *Goldberger*, 118 Conn. 444, 457, 173 Atl. 216; *Jobbes* v. *State*, 125 Conn. 286, 289, 5 Atl. (2d) 21. While in the ordinary case unless the evidence at the original hearing is before the court it cannot act on the motion (*Kliarsky* v. *Eastern Greyhound Lines, Inc.*, 116 Conn. 649, 651, 166 Atl. 65), under the in-

formal procedure in compensation cases where the same commissioner who made the original award hears the motion it is not necessary in connection with it to set out the evidence at the original hearing. That does not alter the fact, however, that this is before the commissioner for his consideration. So in this case, in passing upon the testimony of Dr. Notkins, the commissioner was entitled to consider it in connection with that of the doctors who testified at the hearings on the original motion. It was for the commissioner to evaluate his testimony. *State* v. *Boucher,* 119 Conn. 436, 439, 177 Atl. 383; *State* v. *Levy,* 103 Conn. 138, 146, 130 Atl. 96; *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 463, 162 Atl. 4; *Cishowski* v. *Clayton Mfg. Co.,* 105 Conn. 651, 656, 136 Atl. 472. In view of the fact that this testimony was to a considerable extent contrary to that offered by the doctors at the original hearing, and that it was to the effect that the plaintiff was incapacitated at a time when on the undisputed testimony he was actually employed, and further that he stopped work because of his incapacity, which the commissioner found was not so, as he reasonably could, we cannot say that his conclusion that Dr. Notkins' testimony would probably not produce a different result was unwarranted. The Superior Court did not err in dismissing the appeal and affirming the award on the second appeal.

There is no error upon either appeal.

In this opinion the other judges concurred.