PANAGIS MAKRIS v. CHASE BRASS AND COPPER COMPANY, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 2—decided December 15, 1949.

*William K. Lawlor,* for the appellant (plaintiff).

*William J. Secor, Jr.,* with whom, on the brief, was *J. Warren Upson,* for the appellee (defendant).

DICKENSON, J.  The appeal before us is from the decision of the trial court dismissing an appeal from the denial by a workmen's compensation commissioner of a motion to reopen the award.  The plaintiff suffered a contusion of the lower back on January 14, 1945, while working for the defendant.  A voluntary agreement between the parties for compensation was approved by the compensation commissioner on February 19, 1945, by the terms of which the plaintiff was to receive $30 a week during the period of total incapacity due to the injury.  Payments under this agreement were made to October 18, 1945.  On December 17, 1945, a hearing was held by the commissioner upon the claim of the plaintiff that he was still totally incapacitated.  The defendant claimed that the plaintiff had recovered from the effects of his injury.  The plaintiff had been examined by Dr. Edwin Pyle and Dr. Bernard Brody at the request of the defendant and in connection with Dr. Brody's examination had been admitted to a hospital on June 25, 1945, and discharged July 3, 1945.  It was the opinion of Dr. Pyle,

who examined the plaintiff on March 8 and August 14, 1945, that he had an acute low back muscle strain and would be benefited by use of a canvas belt and physiotherapy and that there was a large neurotic element in the case. Dr. Brody examined the plaintiff on April 13, 1945. In his opinion x-rays disclosed rather marked arthritis of the upper lumbar spine and a spondylolisthesis, or displacement, of the fifth lumbar vertebra, both of which conditions were of long standing and were sufficient to explain the plaintiff's symptoms. Dr. Brody was of the further opinion that the x-rays showed no findings of a ruptured intervertebral disc. The defendant had employed a detective to follow the plaintiff and photograph him in his various activities. The moving pictures were shown in evidence and examined by both doctors. Dr. Pyle then testified that it appeared from the pictures that the plaintiff used his back in a normal way and that there was no question but that he was malingering. Dr. Brody testified that his opinion had not changed "too much" after seeing the pictures, because it was obvious to him that the plaintiff's complaints and behavior were out of proportion to the objective findings, and that it was his opinion that the plaintiff had recovered at least to the extent of almost normal restoration and could do light work. As the plaintiff still persisted in his claim, the commissioner advised him to consult another doctor. The plaintiff consulted Dr. Ryder, who referred him to another doctor and later notified the commissioner that the plaintiff had hypertrophic spurring of the spine, that he could not find anything else the matter with him and that his complaints were due to compensation neurosis if anything. The commissioner came to the conclusion that the plaintiff did not have a ruptured disc, was malingering, and could do light work, and dismissed his claim.

The plaintiff filed a motion on January 7, 1948, in which he requested a new and further hearing and modification of the award. In this motion he made the claim that he was still totally incapacitated, but further stated that since December 17, 1945, he had been ready, willing and able to do light work but that the defendant refused to employ him and he had been unable to get work elsewhere.

Hearings were held on this motion on February 4 and 20 and July 8, 1948, by a commissioner other than the one who had made the award. At the last hearing, the plaintiff introduced the testimony of Dr. John Wertheimer that he had examined the plaintiff in 1948 and that he had a damaged disc, as a result of the injury, which had become progressively worse since the award of December, 1945, and now totally incapacitated him. The commissioner, in ruling on the plaintiff's motion, stated that he had reviewed, in addition to Dr. Wertheimer's evidence, that of the 1945 hearing; that Dr. Wertheimer disagreed with the earlier medical testimony; and that the evidence was merely cumulative and as such would not change the result reached in the original finding and award. He denied the motion. The plaintiff sought a correction of the finding by the addition of a statement that his condition was the result of an injury to the disc which had grown progressively worse since January 5, 1945, and that he was unable to do any work. From a denial of this motion the plaintiff appealed to the Superior Court. The court dismissed the appeal on the ground, as appears in its memorandum of decision, that the entire evidence before it justified the commissioner in refusing to correct his finding and that his ruling that the additional medical evidence was merely cumulative and would not change the result on a new hearing was not an abuse of his discretion.

The parties are at odds as to the character of the plaintiff's motion of January 7, 1948. The defendant claims that it was a motion brought under a provision in General Statutes, § 7434, to reopen the finding and award on the ground of new evidence and was so considered by the commissioner. The plaintiff claims that it was an application for a modification of the award under another provision in this section. The statute is as follows: "Modification of award or voluntary agreement. Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it shall appear to the compensation commissioner, after due notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question." No appeal was taken from the award of December 17, 1945. At the hearing on the motion the plaintiff's claim was that there had been a failure at the original hearing to diagnose the nature of the injury properly. The injury considered at both hearings was the same injury and there was no ground to claim any changed conditions of fact. *Grabowski* v.

*Miskell,* 97 Conn. 76, 83, 115 A. 691; *Kearns* v. *Torrington,* 119 Conn. 522, 525, 177 A. 725. The new evidence was heard by the commissioner without objection on the part of the defendant. The commissioner is not bound by the ordinary rules of procedure. General Statutes § 7447. He was justified in treating the matter as a motion for a new trial. See *Civitello* v. *Connecticut Savings Bank,* 128 Conn. 621, 627, 25 A. 2d 47.

While the plaintiff offered evidence that his physical condition had grown progressively worse since the 1945 hearing, the vital element in his claim was that this was the result of his injury while working for the defendant. The evidence that he offered in support of this claim was the testimony of Dr. Wertheimer that he had suffered a damaged disc at the time of his injury. Dr. Wertheimer testified that it was sometimes very difficult to make a diagnosis of a disc and that a myelogram would disclose it and should have been taken but was not taken by him. As the trial court points out in its memorandum of decision, Dr. Wertheimer's opinion was based upon a report of x-rays taken in 1945, the history of the accident as given him by the plaintiff and an examination of him. Drs. Pyle and Brody had considered the same x-rays in their diagnosis, had examined the plaintiff and had arrived at a different conclusion. "The matter is one which must lie very largely within the discretion of the commissioner." *Kearns* v. *Torrington,* supra, 530. In *Civitello* v. *Connecticut Savings Bank,* supra, 627, we stated that, in view of the fact that testimony offered in support of a motion for a new trial was to a considerable extent contrary to that offered by doctors at the original hearing, we could not say that the commissioner's conclusion that it probably would not produce a different result was unwarranted. This is true in the case

before us. *Furlani* v. *Avery*, 112 Conn. 333, 152 A. 158, upon which the plaintiff relies, does not support his contention. In that case we stated (p. 338) that from the evidence it was not possible to attribute the present condition of the injured workman to anything but the original injury. In the case before us, Dr. Wertheimer's testimony that the plaintiff had suffered an injury to a disc was in large part based upon the same circumstances which were considered by the doctors at the original hearing. They were of a different opinion. Dr. Wertheimer's diagnosis was also based in part upon the history of the case as given him by the plaintiff, who, the commissioner found on the original hearing, was a malingerer. The Superior Court did not err in dismissing the appeal and affirming the commissioner's action in denying the motion to reopen the award.

There is no error.

In this opinion the other judges concurred.