## LOUIS TRIANO v. THE UNITED STATES RUBBER COMPANY

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued May 8—decided May 28, 1957

*Daniel Baker,* for the appellant (plaintiff).

*Henry S. Marlor, Jr.,* for the appellee (defendant).

KING, J. The essential elements of the case, as contained in the finding with the few corrections which can be made, may be briefly stated. The plaintiff had worked for the defendant employer for twenty-eight years. In 1943, he had sustained an injury to his back from which he had never completely recovered, and thereafter he had suffered pain in his back from time to time, but he had made no claim for compensation on the basis of these episodes. On June 10, 1953, the plaintiff felt all right when he began work at the usual hour, but during the day his back began to bother him and around noon he was conscious of pain radiating to his right leg. He did not report any discomfort but continued work until the usual closing time. The next morning he reported for work but told his supervisor that his back and leg bothered him so much that he would be unable to work that day. He made no claim at that time that this disability was attributable to his work on the day before or on any previous day. He did not report to the plant dispensary for treatment but consulted his own physician, who, after conservative treatment, on June 17, 1953 sent him to the hospital. Thereafter, on June 26, 1953, a surgeon to whom his own doctor had referred him performed a fusion operation for a

herniated disc. The defendant's first notice of this operation was given by the surgeon on June 27, 1953, in connection with a request by the plaintiff for a three months' leave of absence. Actually, the plaintiff was away from work until December, a period of nearly six months.

The uncontradicted, but not undisputed, medical testimony of the plaintiff's surgeon was, in brief, that the 1943 injury had weakened the back; that on June 10, 1953, the plaintiff was cutting material which required squeezing down hard on a knife; and that the pressure so exerted probably caused the disc to herniate, thereby producing the injury. This opinion admittedly was largely based on the fact that the pain manifested itself during the course of the day's work, and consequently the surgeon thought it reasonably probable that the work actually caused the injury. There is little question that this medical testimony would have warranted a finding that the injury arose out of the employment. The plaintiff, however, properly recognizes that if he is to prevail on this appeal more than this is required.

The burden was on the plaintiff to prove that he sustained an injury, not merely in the course of his employment, but arising out of, that is, caused by, his employment. *Herbst* v. *Hat Corporation of America,* 130 Conn. 1, 4, 31 A.2d 329. Instead of finding that the plaintiff had failed to sustain this burden of proof as to a given fact, the commissioner, in several important parts of the finding, affirmatively found that such a fact did not exist. Such a finding, as an affirmative finding of a negative, lacks support in the evidence and, if the negative finding were an essential element of the defendant's case, could not stand. But as far as the issues of this appeal are concerned, such a finding is the equivalent of a

failure to find that the fact in question was proven by the plaintiff.

The method pursued in portions of the finding gave color to the plaintiff's claim that the commissioner, in finding that there was no accidental injury on June 10, 1953, had made an affirmative finding within the field of expert medical knowledge in violation of the rule in cases such as *Callahan* v. *William Schollhorn Co.*, 106 Conn. 211, 215, 137 A. 642. Properly interpreted, as pointed out above, the finding is susceptible of no such construction.

The plaintiff correctly claims that an injury may arise out of an employment although the risk of injury from that employment is "no different in degree or kind [from that] to which [the employee] may be exposed outside of his employment. The injury is compensable, not because of the extent or particular character of the hazard, but because it exists as one of the conditions of the employment." *Savage* v. *St. Aeden's Church*, 122 Conn. 343, 349, 189 A. 599; *Puffin* v. *General Electric Co.*, 132 Conn. 279, 281, 43 A.2d 746. This principle, however, does not benefit the plaintiff, since it does not appear that the commissioner denied compensation because the plaintiff failed to prove that a special hazard in the employment was the cause of the injury. The commissioner merely found that there was a failure to prove that anything in the employment was the cause of the injury. This is the fair interpretation of the finding that there was no accidental injury on June 10 and that the pains simply appeared on that day without any special cause by way of accidental injury in any way connected with the plaintiff's employment.

The plaintiff is also correct in claiming that the antecedent physical condition of an employee is im-

material in that there is no norm or minimum standard of physical stamina or freedom from disease which he must meet. "Compensation . . . is not to be denied because the injury would not have occurred except for the peculiar susceptibility of the individual worker." *LeLenko* v. *Wilson H. Lee Co.,* 128 Conn. 499, 504, 24 A.2d 253. "The employer of labor takes his workman as he finds him and compensation does not depend upon his freedom from liability to injury through a constitutional weakness or latent tendency. 'Whatever predisposing physical condition may exist, if the employment is the immediate occasion of the injury, it arises out of the employment because it develops within it.' *Hartz* v. *Hartford Faience Co.,* 90 Conn. 539, 543, 97 [A.] 1020." *Savage* v. *St. Aeden's Church,* 122 Conn. 343, 347, 189 A. 599. But the plaintiff gains nothing from this rule, since it does not appear that the commissioner denied compensation under any theory that if the employment caused an aggravation or lighting up of an antecedent back weakness there would be no compensable injury. The commissioner merely failed to find that the employment had anything to do with the injury.

Finally, the plaintiff correctly claims that our act makes compensable an internal injury, such as a strain, as well as an external injury directly visible to the eye. *Jones* v. *Hamden,* 129 Conn. 532, 534, 29 A.2d 772. Neither type of injury, however, is compensable unless it arose out of the employment. The plaintiff's problem of proof was obviously likely to be more difficult, as a practical matter, in this case, involving a claimed internal injury, than in a case involving an obvious and visible, and therefore practically indisputable, external injury.

The surgeon based his opinion largely on the plain-

tiff's history that the first manifestation of pain connected with this episode occurred about noon on June 10 during the cutting with the knife. He admitted, however, that sneezing, coughing, twisting, turning or walking would produce the same result. Certainly the plaintiff could not successfully claim compensation if a sneeze or cough was the causative factor, at least without a showing that the work caused the sneeze or cough. In this state of the evidence, the commissioner was not compelled to find the causation to be as testified by the surgeon. This, in effect, was the conclusion of the Superior Court.

There is no error.

In this opinion the other judges concurred.