## DEZSO NAGYFY *v.* MILLER'S STRATFORD PROVISION COMPANY ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued February 4—decided March 4, 1958

*Harry Rosenbluh,* for the appellant (plaintiff).

*John F. Chatfield,* for the appellees (defendants).

PER CURIAM. This appeal is really an attempt to retry the case in this court under the guise of claims for correction of the commissioner's finding. The finding is not subject to correction under our rule. Practice Book § 312; *Civitello* v. *Connecticut Savings Bank,* 128 Conn. 621, 625, 25 A.2d 47.

The burden of proving the extent of his incapacity and that it was caused by his injury was on the plaintiff, just as was the burden of proving that his injury arose in the course of, and out of, his employment. *Triano* v. *United States Rubber Co.,* 144 Conn. 393, 396, 132 A.2d 570. In no way does this appeal involve the exceptional rule as to the burden of proof of the extent of aggravation which was laid down in cases such as *Romaniec* v. *Collins Co.,* 107 Conn. 63, 66, 139 A. 503.

As in the *Triano* case, supra, some of the commissioner's findings unfortunately took the form of affirmative findings of a negative. Since, however, they were incidental to the issue of causation and of duration of incapacity, as to each of which the plaintiff had the burden of proof, they were the equivalent of a failure to find that the fact in question had been proven by the plaintiff. Ibid.

There is no error.