## Adeline D'Angelo v. The Connecticut Light and Power Company

Baldwin, King, Murphy, Mellitz and Shea, Js.

Argued April 14—decided June 3, 1959

*G. Bradford Palmer,* with whom was *Walter F. Torrance, Jr.,* for the appellant (defendant).

*C. Robert Satti,* with whom were *Angelo G. Santaniello* and, on the brief, *Kevin W. Conway,* for the appellee (plaintiff).

MURPHY, J. The plaintiff, the widow and dependent of Antonio D'Angelo, was awarded compensation for his death. The Superior Court affirmed the award, and the defendant has appealed. It has abandoned its assignment of error seeking corrections in the commissioner's finding and is restricted on this appeal to its claim that the subordinate facts found by the commissioner, with the single correction he made in the finding, do not support his conclusion that the decedent sustained an injury which arose out of and in the course of his employment and as a result of which he died. That is the only question that we are called upon to decide.

The finding of the commissioner may be summarized as follows: Antonio D'Angelo had been employed by the defendant for many years. His work, as a fireman, consisted of reading gauges on an instrument board, looking into boilers through peepholes and setting automatic stokers. In the last week of July, 1954, the plaintiff noticed a cut on the head of the decedent above his left ear. When he was questioned, he told her at first that a fellow employee had done it; later he said that he had bumped his head while at work. The following week, while on vacation, he complained of headaches. After his vacation, he returned to work and continued in his employment until the Thursday after Labor Day, when he came home in a dazed condition. His local doctor referred him to a neurologist, who suspected a brain tumor and in turn referred him to a neurosurgeon. On September 12, 1954, the decedent was operated on and a large organized subdural hematoma was found. The patient died on September 24 as a result of the hematoma and the operation. The specialists were of the opinion that the hematoma could be caused by a blow on the head,

even a slight one, and that the trauma had occurred from four to twelve weeks before death. Neither the plaintiff nor the decedent gave the doctors a history of head injury. The decedent did not report any head injury to his employer from June through September, 1954, though he had reported at least three injuries before that and was familiar with the practice of reporting accidents. He was bald and wore a hat while working. His immediate superior had not noticed any marks of injury on the decedent's head. The first notice of any claimed injury was received by the defendant from the plaintiff about one month after the decedent's death. The commissioner inspected the decedent's working area and found places where he could have bumped his head. From these subordinate facts, the commissioner concluded that the decedent sustained a blow on his head arising out of and in the course of his employment sometime in July, 1954, and as a result of the blow the subdural hematoma developed which resulted in his death.

The finding of the commissioner recites the evidential statement by the plaintiff of her husband's explanation of the cause of the cut on his head. It makes no attempt to determine whether the blow on the head was inflicted by a fellow employee as the decedent first stated or was in fact a bump which he sustained while at work. A finding should state the facts found and should not contain excerpts from evidence and purely evidential facts. *Hartz* v. *Hartford Faience Co.*, 90 Conn. 539, 540, 97 A. 1020; *Meadow* v. *Winchester Repeating Arms Co.*, 134 Conn. 269, 273, 57 A.2d 138.

The burden of proving that the injury to her decedent not only occurred in the course of his employment but also arose out of, that is, was caused by,

that employment was upon the plaintiff. *Triano* v. *United States Rubber Co.*, 144 Conn. 393, 396, 132 A.2d 570. In deciding whether that burden was met, the commissioner, as the trier of the facts, was entitled to draw inferences from other facts which were proven. Having drawn an inference, he should have set it out as a fact in his finding. The finding fails to indicate that the commissioner relied upon inference, and it does not purport to show the facts, rather than the evidence, from which an inference could be drawn. While an award must stand unless it results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them; *Mathurin* v. *Putnam*, 136 Conn. 361, 366, 71 A.2d 599; there must be subordinate facts from which the conclusion that there is a causal connection between the employment and the injury can be drawn. *DiLauro* v. *Bassetti*, 133 Conn. 642, 644, 53 A.2d 512. The right of a claimant to compensation must be based upon more than speculation and conjecture. *Dumeer* v. *Middletown Gas Light Co.*, 104 Conn. 535, 538, 133 A. 580. The finding in this case, liberally construed, fails to establish with any degree of reasonable probability that the injury occurred during the course of the employment or that it arose out of the employment. From the record, it does not appear reasonable to believe that a remand to the commissioner for further proceedings would be of any benefit to the claimant. *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 34, 170 A. 146.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to sustain the appeal.

In this opinion the other judges concurred.