JOEL GORDON *v.* UNITED AIRCRAFT CORPORATION ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 6—decided February 19, 1963

*Mark C. Yellin*, with whom were *Sanford L. Rosenberg* and, on the brief, *Martin W. Hoffman*, for the appellant (plaintiff).

*George A. Downing*, with whom, on the brief, were *Atherton B. Ryan* and *John W. Allen*, for the appellees (defendants).

KING, J. The plaintiff claimed compensation for an injury which occurred as he was drying himself after taking a shower following a practice basketball game in which he had engaged as a member of a team composed of fellow employees of the defendant employer.

"The burden was on the plaintiff to prove that he sustained an injury, not merely in the course of his employment, but arising out of, that is, caused by, his employment." *Triano* v. *United States Rubber Co.*, 144 Conn. 393, 396, 132 A.2d 570; *Nagyfy* v. *Miller's Stratford Provision Co.*, 145 Conn. 726, 139 A.2d 604; *D'Angelo* v. *Connecticut Light & Power Co.*, 146 Conn. 505, 507, 152 A.2d 636.

The claim of the plaintiff of a causal connection between the injury and his employment was based on two propositions: (a) His injury was caused by the basketball practice. (b) The basketball practice was so connected with his employment that an injury sustained as a consequence of the practice would arise in the course of and out of his employment so as to be compensable. On the second proposition, see *Matter of Tedesco* v. *General Electric Co.*, 305 N.Y. 544, 550, 114 N.E.2d 33; *Lindsay* v. *Public Service Co.*, 146 Colo. 579, 581, 362 P.2d 407; 1 Larson, Workmen's Compensation Law § 22.24; and the notes in 115 A.L.R. 993, 996, and in 36 Conn. B.J. 131; see also cases such as *Farnham* v. *Labutis*,

147 Conn. 267, 270, 160 A.2d 120; *Taylor* v. *M. A. Gammino Construction Co.,* 127 Conn. 528, 532, 18 A.2d 400; and *Stakonis* v. *United Advertising Corporation,* 110 Conn. 384, 387, 148 A. 334.

The defendants, before the commissioner, denied both of the foregoing propositions. The commissioner found, in effect, that the plaintiff had failed to sustain his burden of proof on either issue and accordingly denied compensation. From the affirmance of that action by the Superior Court, this appeal was taken. To prevail, the plaintiff had to prove both propositions, since each was an essential element of his right to compensation. Unless he proved the first, that is, that the basketball practice was a cause of his injury, there would be no occasion for our considering the second.

On the first proposition, the commissioner found that although no definite diagnosis was made as to the plaintiff's injury, it was probably a vascular thrombosis, the exact cause of which is unknown; that there are cases where such a thrombosis has followed violent exercise; and that it may be that the basketball practice precipitated the vascular thrombosis, if in fact that was the plaintiff's injury. It is clear that the findings fell far short of a finding that it was reasonably probable that the basketball practice was a cause of the plaintiff's injury, even if we assume that they amounted to a finding that it was reasonably probable that the plaintiff's injury was a vascular thrombosis. To sustain his burden of proof on this essential element of causation, it was necessary that the plaintiff prove that it was reasonably probable that that element was true. *Witkowski* v. *Goldberg,* 115 Conn. 693, 696; 163 A. 413; *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 714, 134 A. 259.

The plaintiff recognized this basic deficiency and sought over a dozen changes in the finding bearing upon this particular issue of the causal connection between the basketball practice and the injury. The requested changes, none of which was granted either by the commissioner or by the Superior Court, included the crucial findings that it was probable not only that the plaintiff had suffered a vascular thrombosis—which we have assumed that the commissioner in effect actually did find—but also that this thrombosis had been caused by the basketball practice. The plaintiff renewed his efforts to procure these changes in this court. The uncontradicted, but not undisputed, testimony of the plaintiff's medical witness, a neurosurgeon, was weak, and the uncertainty and inconsistency which it exhibited were reflected in the findings of the commissioner, as previously summarized. There is nothing to indicate that the defendants admitted the accuracy of any of the subordinate facts sought to be added to the finding or that the finding as made was so unreasonable as to justify judicial interference. The citation by the court of *Leszczymski* v. *Radel Oyster Co.*, 102 Conn. 511, 515, 129 A. 539, removes any doubt that it was applying the correct test in passing on these claimed corrections of the finding. *Civitello* v. *Connecticut Savings Bank*, 128 Conn. 621, 625, 25 A.2d 47. Of course, the mere fact that the neurosurgeon's testimony was uncontradicted does not make it undisputed, particularly in the face of the denial of the defendants that there was any causal connection between the basketball practice and the injury. Although we cannot say that certain isolated fragments of the testimony of the neurosurgeon, had they been credited by the commissioner, would not have supported a finding

by him that the basketball practice was a cause of the injury, they fell far short of requiring such a finding, either by the commissioner or by the Superior Court on appeal, especially in view of the weakness, uncertainty and inconsistency in the witness' testimony as a whole. *Triano* v. *United States Rubber Co.*, 144 Conn. 393, 397, 132 A.2d 570; *Greenberg* v. *Electric Boat Co.*, 142 Conn. 404, 408, 114 A.2d 850. We cannot find error in the refusal of the court below to change the commissioner's finding on this crucial issue of causation.

On the finding as made, there was no error in the commissioner's award denying compensation. *D'Angelo* v. *Connecticut Light & Power Co.*, 146 Conn. 505, 508, 152 A.2d 636. Since the case was fully heard by the commissioner on the uncontradicted evidence of the plaintiff's own medical witness, there is no reasonable ground for believing that a remand to the commissioner for further proceedings would be of any benefit to the plaintiff. Ibid.; *Dombrowski* v. *Fafnir Bearing Co.*, 148 Conn. 87, 93, 167 A.2d 458.

Since this holding is dispositive of, and fatal to, the appeal of the plaintiff, his other claims of error require no discussion.

There is no error.

In this opinion the other judges concurred.