MARCEL SOUCIER *v.* ALPHONSO GENOVESE ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 5—decided February 25, 1964

*Victor J. Dowling,* for the appellant (plaintiff).

*Edward D. O'Brien,* for the appellees (defendants).

KING, C. J. The claimant sought compensation for a back injury claimed to have been sustained on April 1, 1959, while he was loading a railroad tie into a dump truck. Although he claimed to have fallen to the ground at the time, because of the pain, after a few minutes he resumed his work and did not report the injury until late in April, when an attorney, who then represented him, informed the defendant employer of the injury. The employer laid off the claimant on April 2, apparently because, on the morning of the day before, prior to the claimed injury, he had damaged a bulldozer which he was operating. Admittedly, the employer then knew nothing about a claim that an injury had been sustained on April 1. The employer and his wife, who kept her husband's books, testified that on several occasions during the year preceding the date of the claimed injury, the claimant had complained about his back and leg.

The commissioner found that the claimant had had a bad back long before April 1, 1959; that he could have hurt his back on April 1, as he claimed; and that he could have hurt his back after April 1,

outside of the scope of his employment. The commissioner also stated, in his finding and award, that he "does not believe that the claimant hurt his back while working for this employer and his claim, therefore, is dismissed". From the award denying compensation, the claimant appealed to the Superior Court, which granted certain corrections of the finding and dismissed the appeal. From that decision the claimant has appealed to this court.

The burden was on the claimant, if he was to be awarded compensation, to prove that he sustained the back injury in the course of his employment by the defendant employer and that the injury arose out of, that is, was caused by, that employment. *Triano* v. *United States Rubber Co.,* 144 Conn. 393, 396, 132 A.2d 570; *Gordon* v. *United Aircraft Corporation,* 150 Conn. 328, 329, 189 A.2d 384. The simple question before the commissioner was whether or not the claimant had sustained that burden of proof. Instead of confining his attention to that question, the commissioner included in his finding statements as to possible times when the claimant might have sustained such an injury. All this, of course, had no place in the finding, which should contain proven facts as distinguished from speculations as to possibilities. The increasing frequency of irregularities of this general type in findings is, to say the least, disquieting. See, e.g., *Triano* v. *United States Rubber Co.,* supra; *Nagyfy* v. *Miller's Stratford Provision Co.,* 145 Conn. 726, 727, 139 A.2d 604; *D'Angelo* v. *Connecticut Light & Power Co.,* 146 Conn. 505, 507, 152 A.2d 636; *Zawisza* v. *Quality Name Plate, Inc.,* 149 Conn. 115, 121, 176 A.2d 578; *Gordon* v. *United Aircraft Corporation,* supra, 330.

It is obvious that the commissioner did not find,

as the claimant contends, either that the claimant sustained the injury on the job on April 1, 1959, as he claimed, or that he sustained it after April 1, 1959, off the job. Neither statement in the finding was a statement of fact. Each was merely a statement of a possibility. Neither had any place in a finding. Practice Book, 1963, § 432; *D'Angelo* v. *Connecticut Light & Power Co.,* supra. The commissioner's apparent reason for including these statements was to explain the uncertainty in his mind on the vital issue of whether the claimant's back injury had arisen in the course of and out of his employment by the defendant employer. Such explanatory material, if desirable for a proper understanding of the finding, belonged in a memorandum of decision. Practice Book, 1963, § 432; *Henderson* v. *Mazzotta,* 113 Conn. 747, 752, 157 A. 67; see, for instance, *Mann* v. *Glastonbury Knitting Co.,* 1 Conn. Comp. Dec., pp. 204-207. Any doubt as to the true meaning of the commissioner's finding is removed by his statement that he did not believe that the claimant hurt his back while working for the defendant employer. This statement was the equivalent of a conclusion that the claimant had failed to sustain his burden of proof as to the two elements essential to the compensability of his claim. *Triano* v. *United States Rubber Co.,* supra. There was no error in the dismissal of the appeal and affirmance of the award by the Superior Court.

There is no error.

In this opinion the other judges concurred.