MICHAEL METALL [MARY METALL, ADMINISTRATRIX (ESTATE OF MICHAEL METALL), SUBSTITUTED PLAINTIFF] v. ALUMINUM COMPANY OF AMERICA

KING, C. J., ALCORN, SHANNON, HOUSE and RYAN, Js.

Argued June 10—decided June 27, 1966

*Helen F. Krause,* for the appellant (plaintiff).

*William B. Rush,* with whom, on the brief, was *Henry J. Lyons,* for the appellee (defendant).

SHANNON, J. This is an appeal from a judgment of the Superior Court, which sustained a decision of the workmen's compensation commissioner for the fourth congressional district, hereinafter called the commissioner, denying a motion to open an agreement of adjustment and stipulation of award. On September 6, 1956, Michael Metall, an employee of the Aluminum Company of America, hereinafter called the company, filed the motion to open. He died on July 20, 1957. The parties, the commissioner and the court below, however, in the record and the briefs, have referred to the decedent as the plaintiff, and we shall do the same. The plaintiff came to Bridgeport in 1940 and went to work for the company at its Fairfield plant, first as a laborer and later as an assistant foreman. Prior thereto, he lived in Pennsylvania and had worked there, over a period of seventeen years, for two coal mining companies.

He was given a physical examination by the com-

pany doctor shortly after he commenced working. In 1945 he was x-rayed by the company doctor, whose diagnosis was that he was suffering from pneumoconiosis. The plaintiff continued working for the company in the capacity of assistant foreman. On the average of once a week or once every two weeks he cleaned out a sandpit. Otherwise, he supervised the unloading of box cars of sand in the company's yard.

Upon the termination of his employment with the company on January 14, 1953, the plaintiff filed a claim with the commissioner, alleging that he was totally disabled because of silicotuberculosis "resulting from his work" with the company. The company denied the allegation.

After numerous hearings before the commissioner in 1953 and 1954, the plaintiff, acting with the advice of counsel, agreed to accept $1500 as a full and final settlement of all claims against the company. A stipulation embodying the terms of the agreement was executed by the parties. It was submitted to the commissioner, who, being fully aware of the plaintiff's difficulties in establishing a causal relation between his condition of total disability and his work for the company, approved it on April 11, 1955. At the time of the commissioner's approval, the plaintiff's attorney submitted an affidavit wherein the plaintiff, under oath, stated that he had read the stipulation, understood it and, upon signing it, knew that he would have no further claim against the company.

On September 6, 1956, however, the plaintiff, then represented by new counsel, moved to open the award, made pursuant to the stipulation, for the purpose of producing new and further evidence to substantiate his claim of total disability due to

occupational disease. He further alleged that he had been induced to sign the stipulation through fraud and mistake. More hearings were held at which all of the evidence then introduced had been available at the time of the original hearings but had not been offered. The commissioner dismissed the motion to open, finding that the additional evidence would not establish a causal relation between the disability of the plaintiff and his employment and that there was no evidence offered which necessitated a change in the award. The commissioner also found that the evidence offered fell far short of substantiating the claim that the plaintiff had been induced to sign the stipulation through fraud and mistake.

The plaintiff appealed to the Superior Court, which, after a thorough review of all the evidence and exhibits, rendered judgment dismissing the appeal. The plaintiff has appealed from that judgment and has made several assignments of error. The question dispositive of this appeal is whether or not the commissioner's decision denying an opening of the stipulation and award because the evidence did not establish a causal relation between the total disability of the plaintiff and his work for the company was erroneous.

To recover benefits under our Workmen's Compensation Act (General Statutes, c. 568), an employee has the burden of proving that the injury (1) arose out of and (2) in the course of his employment. *Woodley* v. *Rossi,* 152 Conn. 1, 4, 202 A.2d 136; *Soucier* v. *Genovese,* 151 Conn. 430, 432, 198 A.2d 698; *Gordon* v. *United Aircraft Corporation,* 150 Conn. 328, 329, 189 A.2d 384. The act defines "[a]rising out of and in the course of his employment" as "an accidental injury happening

to an employee or an occupational disease of such employee originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer." General Statutes § 31-275.

The commissioner found that the evidence, including the additional evidence produced in connection with the plaintiff's motion to open the award, did not establish any causal connection between the total disability of the plaintiff and his work for the company and, consequently, that it did not arise out of his employment. This conclusion, that a causal connection was not proven, is essentially one of fact to be determined in view of all of the relevant circumstances, and it must stand unless it is one which could not reasonably or logically be reached on the subordinate facts. It must be tested by the subordinate facts and must stand unless it resulted from an incorrect application of law to them or because of an inference illogically or unreasonably drawn from them. *D'Angelo* v. *Connecticut Light & Power Co.*, 146 Conn. 505, 508, 152 A.2d 636; *DiLauro* v. *Bassetti*, 133 Conn. 642, 644, 53 A.2d 512.

Where, as here, it is difficult to ascertain whether or not the disease arose out of the employment, it is necessary to rely on expert medical opinion. Unless the medical testimony by itself establishes a causal relation, or unless it establishes a causal relation when it is considered along with other evidence, the commissioner cannot conclude that the disease arose out of the employment. *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714, 134 A. 259.

In this case, the plaintiff introduced the testimony of five doctors. One doctor testified that the plaintiff undoubtedly contracted the disease while he was working in the coal mines, prior to his employment by the company. Another doctor stated that the disease could have been caused by coal dust. The other doctors either had no opinion as to what caused the disease or were not asked about it. There was no medical testimony to show that the disease arose out of the plaintiff's employment with the company. Consequently, the plaintiff did not sustain his burden of proof and was not entitled to compensation.

The plaintiff also assigned as error and claimed that the commissioner erred in finding that the signing of the stipulation by the plaintiff was not induced through fraud and mistake. This conclusion is amply supported by the finding of subordinate facts and must stand.

The opening of an agreement of adjustment and stipulation of award is within the sound discretion of the commissioner. He should deny the motion unless a further hearing would produce evidence of such character and force that it would be likely to cause a different result. *Meadow* v. *Winchester Repeating Arms Co.*, 134 Conn. 269, 274, 57 A.2d 138. It cannot be said that this discretion has been abused especially in the light of the numerous hearings held in 1953 and 1954 and in view of the additional evidence introduced by the plaintiff in connection with the motion to open, none of which substantiated the plaintiff's claim.

There is no need to discuss any other assignments of error.

There is no error.

In this opinion the other judges concurred.