MEMORANDUM OF DECISION

EAGAN, J.

INTRODUCTION

This is an action seeking damages for personal injuries the plaintiff, Louis Fernandez, sustained when he fell at the Mohegan Sun Arena. The matter was partially tried before the Court on April 28, 2011. At the conclusion of the plaintiffs case, the defendant, Mohegan Tribal Gaming Authority (MTGA), moved to dismiss because the plaintiff had failed to produce any evidence that the defendant had notice of the alleged defect, a puddle of clear liquid, prior to the fall and, therefore, failed to establish a prima fade case. The Court requested briefs on the issue. The Motion to Dismiss is granted.
*202 FINDINGS OF FACT
On December 4, 2008, the plaintiff and his wife went to the Mohegan Sun Arena to attend a Tim McGraw concert. They arrived at the Mohegan Sun shortly before 9:00 p.m. and proceeded immediately to the Arena.
After passing a group of employees whom he believed to be security officers, the plaintiff walked approximately 20 to 25 feet where he stepped in a puddle of clear liquid, slipped and fell. The puddle was approximately 12 to 16 inches in circumference and, after the fall, had the imprint of plaintiffs heel where his foot dragged through the liquid. The plaintiff sustained leg and knee injuries as a result of his fall.
There was no direct evidence introduced as to what the liquid was, how it came to be there, or how long it was there before the plaintiff stepped in it. Tribal Police Officer McCarthy, who at the time was talking with three Tribal Police Officers standing approximately 20-25 feet from where the plaintiff fell, came to the plaintiffs assistance. Officer McCarthy did not see any liquid on the floor before plaintiff fell. The Mohegan staff provided additional assistance and gave the plaintiff a wheelchair to attend the final portion of the concert, after which the staff wheeled him to an exit. Plaintiffs’ wife then drove him to Backus Hospital Emergency room.
The concert was an all pour show which means beverages are served in open containers instead of bottles or cans. During intermissions the patrons eat and drink in the concourse, as well as visiting the men’s and ladies’ rooms. There was an intermission from 8:30 to 9:00 p.m. before the featured act began at 9:01 p.m.
The plaintiffs fall occurred in the concourse area near the men’s and ladies’ room. There was an employee assigned to clean the ladies’ room and another employee assigned to clean the adjacent men’s room. In addition to maintaining the men’s and ladies’ rooms, these two employees were required to maintain the floor of the concourse outside the men’s and ladies’ rooms in the area of the fall.
Ushers were also available in the area of the fall. The ushers have numerous functions, including cleaning any debris on the floor that they observe. One usher was assigned to a post located approximately 10 feet from the spilled liquid. The Security Officers are similarly expected to assist with taking care of any spills or other debris and, as noted above, were approximately 20-25 feet from the area where the plaintiff fell.
There is no videotape of this accident, nor explanation as to why there was none.
DISCUSSION
The defendant does not dispute that the plaintiff was attending a concert at the Mohegan Sun Arena when he slipped and fell as the result of a clear liquid on the floor of the concourse area. The defendant further recognizes that it owed the plaintiff, as a business invitee, a duty to exercise reasonable care to maintain its premises in a reasonably safe condition for reasonably anticipated use by its patrons, invitees and guests. MTO 2001-07 Section 5 A(20) Memorandum of Law in Support of Defendant’s Motion to Dismiss, p. 3.
The parties also agree that the defendant must have had actual or constructive notice of the presence of the liquid for the plaintiff to prevail. Morris v. King Cole Stores, Inc., 132 Conn. 489, 45 A.2d 710 (1946). Although the plaintiff does not claim actual notice, plaintiff’s counsel argues that it has presented evidence of constructive notice sufficient to require denial of the Motion to Dismiss. Plaintiffs Memorandum of Law in Opposition to Defendant’s Motion for Judgment, p. 7.
*203 The controlling issue for constructive notice is whether the condition had existed for such a length of time that the defendant’s employees should, in the exercise of due care, have discovered it in time to have remedied it. Id, As both parties correctly note, the Mohegan Gaming Disputes Trial Court has considered the issue of constructive notice on several occasions: Miller v. Mohegan Tribal Gaming Authority, 2 G.D.R. 149, 8 Am. Tribal Law 543 (2005); Lehner v, Mohegan Tribal Gaming Authority, 2 G.D.R. 76, 5 Am. Tribal Law 322 (2004); Gentile v. Mohegan Tribal Gaming Authority, 1 G.D.R. 76, 3 Am. Tribal Law 455 (2001). In none of those cases did the court find that the plaintiff had proven constructive notice. However, more recently, in Witham v. Mohegan Tribal Gaming Authority 4 G.D.R. 112, the court, Manfredi, J, found that the existence of syrup on the floor of the Season’s Buffet at the Mohegan Sun Casino for at least 20 minutes constituted constructive notice.
Here, plaintiff argues it has presented sufficient evidence, both direct and circumstantial, requiring the inference be drawn that the defendant had constructive notice of the puddle of liquid. Plaintiff notes that the court, Guernsey, C.J., in Lowenstein v. Mohegan Tririal Gaming Authority, 4 G.D.R. 128, 10 Am. Tribal Law 259 (2011) recently discussed the importance of proof by inference.[1] In Low-enstein, the court opined that a plaintiff ... may sustain his burden of proof by circumstantial evidence and adopted the reasoning of the Connecticut Appellate Court on the drawing of inferences based on a rough assessment of probabilities.
An inference is a factual conclusion that can rationally be drawn from other facts. If fact A rationally supports the conclusion that fact B is also true, then B may be inferred from A. The process of drawing inferences based on a rough assessment of probabilities is what makes indirect or circumstantial evidence relevant at trial. If the inference (fact B from, fact A) is strong enough, then fact A is relevant to prove fact B. Curran v. Kroll, 118 Conn.App. 401, 409 [984 A.2d 763] (2009), quoting 1 C. Fish-man, Jones on Evidence (1992), section 4:1, pp. 299-300.
According to plaintiff, using the assessment of probabilities approach, this court can reasonably infer that the liquid was spilled on the floor by a patron at some point during the 8:30-9:00 p.m. intermission and, as at least one employee was stationed 10 feet from the area of the spill, it was unreasonable of the defendant not to have discovered it before plaintiff fell. Plaintiff’s Memorandum of Law in Opposition to the Defendant’s Motion for Judgment, p. 10. In this regard, there is an inherent problem with plaintiffs reasoning. Under this reasoning, the spill could have occurred as early as 8:30 p.m., when the intermission began, or as late as 9:00 p.m., when it ended. Either is equally likely. If the latter is the case, then the clear liquid puddle would have been on the floor approximately 10 minutes before the plaintiff stepped in it, according to the Amended Complaint. Assuming arguendo that this allegation is correct, we are unable to conclude that the existence on the floor for 10 minutes of a small, clear, liquid puddle was sufficient to constitute constructive notice. Certainly, these facts are very different from syrup found to be on the floor for at least 20 minutes in the Witham case, supra.
It is of particular importance that the liquid was clear, and that plaintiff introduced no evidence it was observable. It is *204 also not insignificant that when plaintiff stepped in the puddle, it was undisturbed, as evidenced by the fact that his foot left a dragging imprint in the puddle. As defendant points out, the fact that the puddle was undisturbed is evidence that it could not have been present during the intermission when hundreds of people utilizing the concourse area would have dispersed the liquid as Mr. Fernandez did when he first stepped in it. Defendant’s Memorandum, p. 9.
The real problem with plaintiffs attempt to engage in a rough assessment of probabilities here is that, in civil cases, the plaintiffs burden of persuasion is to show that ... it is more probably than otherwise that the fact or issue is true (citations omitted). TAIT’S HANDBOOK OF CONNECTICUT EVIDENCE (4th Ed. 2008, § 3.5.1 Thus, the legal issue is whether something is more probable than not; and not whether it is possible. To analyze possibilities is to engage in an exercise of conjecture which Connecticut courts have long held to be prohibited. A trier is not concerned with possibilities but with reasonable probabilities, (citations omitted) Struckman v. Burns, 205 Conn. 542, 554, 534 A.2d 888 (1987); ... mere possibilities ... will not sustain a legitimate inference of fact nor can such an inference be drawn from conjecture. Commissioner of Transportation v, Larobina, 92 Conn.App. 15, 882 A.2d 1265 (2005); ... a jury’s determination must be based upon an estimate of reasonable probabilities, not possibilities. Jerz v. Humphrey, 160 Conn. 219, 224, 276 A.2d 884 (1971); The right ... to compensation must be based [on] more than ... conjecture. D’Angelo v. Conn. Light & Power Co., 146 Conn. 505, 508, 152 A.2d 636 (1959). While plaintiff would have the court infer that the spill occurred during the intermission, it is equally possible that the spill occurred only a minute or so before plaintiff fell, when a patron running to catch the beginning of the featured event spilled a beverage.
There is simply no evidence, either direct, circumstantial or based on proper inferences, that answers the critical question as to how long the clear liquid puddle was on the floor before plaintiff slipped on it and fell.
Plaintiffs real argument is that in providing drinks in open containers, the defendant knew spills would occur and should be responsible for injuries to patrons when employees fail to discover those spills in time to prevent injuries. While there may be some merit to this argument, the plaintiff has offered no legal authority to support such a position. CONCLUSION
Accordingly, the defendant’s Motion to Dismiss the Complaint is granted.

. The Court expressly noted that the case did not involve the issue of constructive notice.